**Timothy A. Solomon**, OSB 072573
   Direct: 971.634.0194
   Email: tsolomon@LLG-LLC.com
**Justin D. Leonard**, OSB 033736
   Direct: 971.634.0192
   Email: jleonard@LLG-LLC.com
**Holly C. Hayman**, OSB 114146
   Direct: 971.634.0193
   Email: hhayman@LLG-LLC.com
**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
Fax: 971.634.0250

    Proposed Counsel for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**4 Him Food Group, LLC**, an Oregon corporation, dba **Cosmos Creations,**<br><br>    Debtor. | Case No. 19-62049-tmr11<br><br>**MOTION FOR ORDER DETERMINING UTILITY DEPOSITS CONSTITUTE ADEQUATE ASSURANCE**<br><br>*EXPEDITED HEARING REQUESTED* |

### NOTICE OF MOTION

    If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court. An expedited hearing on this motion has been requested for July 10, 2019. A notice will be issued when the date and time is established. Any response or written objection to this motion must be appropriately filed with the court and also delivered to debtor's counsel prior to the date of the hearing.

    If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at 405 East 8th Ave. #2600, Eugene, OR 97401, by the deadline specified above or it may not be considered. You must also serve the objection on debtor's counsel, Leonard Law Group, LLC, Attn: Timothy A. Solomon, 1 SW Columbia STE #1010, Portland, OR 97258, within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

**Page 1 of 5 –** MOTION FOR ORDER DETERMINING UTILITY
    DEPOSITS CONSTITUTE ADEQUATE ASSURANCE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11   Doc 7   Filed 07/02/19

4 Him Food Group, LLC (the "**Debtor**"), hereby moves (the "**Motion**") the Court for an order, pursuant to 11 U.S.C. §§ 366(b), determining adequate assurance of payment to utility companies. This motion is supported by the Declaration of John P. Strasheim in Support of First-Day Motions (the "**First-Day Declaration**").

In support of this Motion, the Debtor states as follows:

## BACKGROUND

1. On July 2, 2019 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code.

2. The Debtor is continuing to operate its businesses and property as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. No trustee or examiner has been requested or appointed.

4. As an active manufacturer, the Debtor uses significant quantities of electricity, natural gas, water, and other utilities (the "**Utility Services**") from a number of utility companies (the "**Utility Companies**"). The Utility Companies include Comcast (which provides telephone and internet service), Verizon (cell phones), the City of Junction City (water/sewage/garbage), NW Natural Gas (gas), and Pacific Power (electricity). *See* First-Day Declaration, ¶ 62.

5. The Debtor's typical combined Utility Services total approximately $14,161.43 per month in the aggregate. *Id.* ¶ 63. A list of the Utility Companies providing services to the Debtors and the average monthly cost of each is attached hereto as **Exhibit A**.

6. The Utility Services are essential to the Debtors' operations. If the Utility Companies were to terminate Utility Services, the Debtors will be unable to the continue their operations. *Id.* ¶ 64.

//
//

**Page 2 of 5** – MOTION FOR ORDER DETERMINING UTILITY DEPOSITS CONSTITUTE ADEQUATE ASSURANCE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 7    Filed 07/02/19

## JURISDICTION

7. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 11 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 366(b).

## RELIEF REQUESTED

8. The Debtor request an Order, substantially in the form attached hereto as **Exhibit B**, determining that the deposits proposed herein constitute adequate assurance of payment to utility companies.

## GROUNDS FOR RELIEF REQUESTED

9. Pursuant to 11 USC § 366(c)(2), a utility company may not alter, refuse, or discontinue utility service to, or discriminate against, a debtor if within 30 days after the petition pate the utility receives adequate assurance of payment for post-petition utility service in a form satisfactory to the utility.

10. The Debtor seeks an order determining the appropriate form of adequate assurance of future performance and thereby prohibiting any Utility Company from altering, refusing, or discontinuing service to the Debtors absent further court order.

11. The Debtor proposes to provide adequate assurance of future payment in the form of a one-month cash deposit by the Debtor to each Utility Company that requests such a deposit, in the amount set forth in **Exhibit A**.

12. The deposits made on the request of each Utility Company shall be deemed to be adequate assurance of payment for purposes of 11 USC § 366 without prejudice to the Utility Companies' right to seek additional or alternative assurance of payment upon further request of the Court. The Debtor requests that any Utility Company seeking additional or alternative forms of adequate assurance be prohibited from altering, refusing, or discontinuing Utility Services pending further order of this Court.

13. As noted above, if the Utility Companies were to terminate Utility Services, the Debtors will be unable to the continue their operations that are essential for their operations.

14. The proposed method of furnishing adequate assurance of payment for postpetition utility services is consistent with the intent of Sections 366 and 105(a) of the Bankruptcy Code, is not prejudicial to the rights of the Utility Companies, provides the Utility Companies with adequate safeguards to protect them from any unreasonable risk of non-payment for postpetition services, and is in the best interest of the estate and parties in interest.

15. In determining adequate assurance, the Court is not required to give the Utility Companies the equivalent of a guarantee of payment, but must only determine the utility is not subject to an unreasonable risk of nonpayment for postpetition services. *See In re Caldor, Inc. – NY*, 199 BR 1 (Bankr. S.D.N.Y. 1996); *In re Santa Clara Circuits West, Inc.*, 27 BR 680, 685 (Bankr. D. Utah 1982); *In re George C. Frye Co.*, 7 BR 856, 858 (Bankr. D. Me. 1980).

## NOTICE

The Debtors have provided notice of this Motion to the Debtor's secured creditors, the 20 largest unsecured creditors, the Office of the United States Trustee, and the Utility Companies. The Debtor submits the foregoing constitutes good and sufficient notice and that no other or further notice need be given under the circumstances.

//
//
//
//
//
//
//
//

**Page 4 of 5 –** MOTION FOR ORDER DETERMINING UTILITY DEPOSITS CONSTITUTE ADEQUATE ASSURANCE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 7    Filed 07/02/19

## CONCLUSION

WHEREFORE, the Debtor requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, granting the relief sought herein and such other and further relief as the Court may deem proper.

DATED: July 2, 2019

LEONARD LAW GROUP LLC

By: /s/ Timothy A. Solomon
Timothy A. Solomon, OSB 072573
Justin D. Leonard, OSB 033736
Holly C. Hayman, OSB 114146
Proposed Counsel for Debtor and
Debtor in Possession

Page 5 of 5 – MOTION FOR ORDER DETERMINING UTILITY
DEPOSITS CONSTITUTE ADEQUATE ASSURANCE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 7    Filed 07/02/19

**UTILITY SERVICE PROVIDERS**

| Service | Provider | May | April | March | Feb | Jan | Dec | Average |
|---|---|---|---|---|---|---|---|---|
| PRI trunk services | COMCAST 9679 | $ 363.91 | $ 363.91 | $ 364.77 | $ 364.77 | $ 364.77 | $ 356.54 | $ 363.11 |
| telephones @ A | COMCAST-7798 | $ 676.08 | $ 6,767.08 | $ 670.59 | $ 677.12 | $ 677.29 | $ 670.46 | $ 1,689.77 |
| telephones @ C | COMCAST-7242 | $ 203.41 | $ 205.82 | $ 203.67 | $ 204.17 | $ 204.44 | $ 205.93 | $ 204.57 |
| fiber/ethernet | COMCAST-4616 | $ 2,017.42 | $ 1,987.06 | $ 2,024.01 | $ 2,023.42 | $ 1,993.67 | $ 1,983.73 | $ 2,004.89 |
| cell phones | VERIZON | $ 1,045.31 | $ 1,128.77 | $ 1,107.30 | $ 1,129.11 | $ 1,053.34 | $ 1,124.40 | $ 1,098.04 |
| Water/Sewage/Garbage | CITY OF JUNCTION CITY | $ 1,156.35 | $ 992.79 | $ 769.59 | $ 988.75 | $ 954.91 | $ 1,090.27 | $ 992.11 |
| Gas | NW NATURAL GAS | $ 820.80 | $ 1,468.10 | $ 1,125.28 | $ 959.82 | $ 1,728.86 | $ 1,534.53 | $ 1,272.90 |
| Power | PACIFIC POWER | $ 6,422.98 | $ 5,530.94 | $ 4,630.79 | $ 6,934.91 | $ 8,138.74 | $ 7,557.90 | $ 6,536.04 |
| | | | | | | | Total: | $ 14,161.43 |

**EXHIBIT A**
**Page 1 of 1**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**4 Him Food Group, LLC**, an Oregon corporation, dba **Cosmos Creations,**<br><br>Debtor. | Case No. 19-62049-tmr11<br><br>**ORDER GRANTING MOTION FOR ORDER DETERMINING UTILITY DEPOSITS CONSTITUTE ADEQUATE ASSURANCE** |

        This matter came before the Court pursuant to the Debtor's Motion for Order Determining Utility Deposits Constitute Adequate Assurance (the "**Motion**"). Based on the Motion and the documents submitted in support thereof, including the Declaration of John P. Strasheim in Support of First Day Motions, the record in the Bankruptcy Case, the arguments of Counsel, and the Court otherwise being fully advised in the premises, the Court finds as follows:

        A.     The Court has jurisdiction to consider the Motion and the relief requested therein;

        B.     Due and proper notice of the Motion has been given;

        C.     The relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest;


**Page 1 of 2 – ORDER GRANTING MOTION FOR ORDER DETERMINING UTILITY DEPOSITS CONSTITUTE ADEQUATE ASSURANCE**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1010
Portland, Oregon 97258
leonard-law.com


D. The payment of a 1-month deposit to each Utility Company (as defined in the Motion), as set forth in **Exhibit A** hereto, shall constitute adequate assurance of payment within the meaning of 11 USC § 366.

NOW, THEREFORE, it is hereby ORDERED:

1. The Motion is granted.

2. Unless ordered by the Court on notice to the Debtor, each Utility Company is enjoined from altering, refusing to provide, or discontinuing utility services to the Debtor, from discriminating against the Debtor and from requiring the payment of an additional deposit or other security from the Debtor.

3. This Order is without prejudice to any Utility Company's right to seek additional or alternative assurance of payment upon further request of this Court after notice to the Debtor.

# # #

CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(A)

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

LEONARD LAW GROUP LLC

/s/ Timothy A. Solomon

_____
Justin D. Leonard, OSB 033736
Timothy A. Solomon, OSB 072573
Holly C. Hayman, OSB 114146
Proposed Counsel to Debtor and Debtor in Possession

c: ECF Participants
   Other Interested Parties by US Mail

Page 2 of 2 – ORDER GRANTING MOTION FOR ORDER DETERMINING UTILITY DEPOSITS CONSTITUTE ADEQUATE ASSURANCE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1010
Portland, Oregon 97258
leonard-law.com

EXHIBIT B
Page 2 of 2

Case 19-62049-tmr11    Doc 7    Filed 07/02/19