UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
 )
 ) **Notice of Preliminary Hearing on Motion**
 )    **For Use of Cash Collateral**
 )    **To Obtain Credit**
Debtor(s) ) **(Check One)**

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit (check one). The motion is attached and it includes (1) the statement required by Local Bankruptcy Form (LBF) 541.5 and (2) the following allegations:

   a. The immediate and irreparable harm that will come to the estate pending a final hearing is _____
   _____
   _____.

   b. The amount of ☐ cash collateral ☐ credit (check one) necessary to avoid the harm detailed above prior to the final hearing is _____.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3. A preliminary hearing on the motion will be held as follows:

   **Date:** _____ **Time:** _____ **Location:** _____
                                                                                                        Eugene, OR 97401
   Testimony will be received if offered and admissible.    Courtroom #5

4. If you wish to object to the motion, you must do one or both of the following:

   a. attend the preliminary hearing.

   b. file a written response, which states the facts upon which you will rely, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401.

   If the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by Local Bankruptcy Rule (LBR) 9004-1(b).

541.1 (12/1/2018)                      Page 1 of 2

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent [or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)], any creditors' committee attorney, the U.S. Trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                                                    OSB #

_____
(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#(s)

# SERVICE LIST FOR CASH COLLATERAL NOTICE
## (ON JULY 3, 2019)

*Via Certified Mail*

Columbia State Bank
Attn: Hadley S. Robbins, CEO
1301 A St. Suite 800
Tacoma, WA 98402

*Via First-Class Mail*

Celtic Capital Corp.
Attn: Mark Hafner
23622 Calabasas Rd. Suite 323
Calabasas, CA 91302

Dominguez Family Enterprises, Inc.
2885 Van Horn Dr.
Hood River, OR 97031

Dominguez Family Enterprises, Inc.
Attn: Ruben Cleveland
305 Cascade Ave.
Hood River, OR 97031

U.S. Department of Justice
Office of the United States Trustee
405 E. 8th Avenue, Suite 1100
Eugene, OR 97401-2706

OnDeck Capital
1400 Broadway 25th Floor
New York, NY 10018

OnDeck Capital
On Deck Capital Client Services Center
4201 Wilson Blvd, Ste 110-209
Arlington, VA 22203

2Loris, LLC
c/o Randy McPherson
1247 Crenshaw Rd.
Eugene, OR 97401

*Via First-Class Mail (cont.)*

2Loris, LLC
79 Centennial Loop
Eugene, OR 97401

2Loris, LLC
450 Country Club Road, Suite 310
Eugene, OR 97401

Lane County
125 E. Eighth Ave.
Eugene, OR 97401

*Via Email*

Kim McGair, Esq. (kmcgair@fwwlaw.com)
Margot Seitz, Esq. (mseitz@fwwlaw.com
Counsel to Columbia State Bank

Alexandra J. Rhim (Arhim@hrhlaw.com)
Counsel to Celtic Capital Corp.

Nicholas J. Henderson
(nhenderson@portlaw.com)
Counsel to Dominguez Family Enterprises

P. Rebecca Kamitsuka
(Becky.Kamitsuka@usdoj.gov)
Counsel to United States Trustee

Bradley Shropshire
(bshropshire@ondeck.com)

**Timothy A. Solomon**, OSB 072573
   Direct:  971.634.0194
   Email:  tsolomon@LLG-LLC.com

**Justin D. Leonard**, OSB 033736
   Direct:  971.634.0192
   Email:  jleonard@LLG-LLC.com

**Holly C. Hayman**, OSB 114146
   Direct:  971.634.0193
   Email:  hhayman@LLG-LLC.com

**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
Fax:  971.634.0250

Proposed Counsel for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**4 Him Food Group, LLC**, an Oregon corporation, dba **Cosmos Creations**,<br><br>                       Debtor. | Case No. 19-62049-tmr11<br><br>**MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS**<br><br>*EXPEDITED HEARING REQUESTED* |

       4 Him Food Group, LLC (the "**Debtor**"), hereby moves (the "**Motion**") the Court for an order, pursuant to 11 U.S.C. §§ 361 and 363(c), Fed. R. Bankr. P. 4001(b), and LBR 4001-1 authorizing the Debtor to use cash collateral on an interim and final basis, pursuant to the proposed Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection attached hereto (the "**Proposed Interim Order**"). This motion is supported by the Declaration of John P. Strasheim in Support of First-Day Motions dated July 2, 2019 (the "**First-Day Declaration**"). In further support of the Motion, the Debtor states as follows:

**Page 1 of 8 –** **MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11   Doc 10   Filed 07/03/19

## STATEMENT PURSUANT TO LBF 541.5(5)(b)

The Proposed Interim Order does not contain any of the provisions listed in the Court's Guidelines Regarding Motions to Use Cash Collateral or to Obtain Credit (LBF 541.5).

## BACKGROUND

1. On July 2, 2019 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code.

2. The Debtor is continuing to operate its businesses and property as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. No trustee or examiner has been requested or appointed.

4. As described in the First-Day Declaration, the Debtor is a manufacturer of premium natural snack foods – including non-GMO hull-and-kernel-free puffed corn – from state-of-the-art manufacturing facilities in the heart of Oregon's Willamette Valley. In August 2018, the Debtor engaged a respected middle market investment bank and consulting firm to help evaluate strategic options for the business, including its sale. Since then, the Debtor engaged in a thorough marketing process, identified several potential buyers, and ultimately signed an asset purchase agreement with Dominguez Family Enterprises, the parent company of the popular "Juanita's" brand. The sale is to take place in a chapter 11 bankruptcy case under 11 U.S.C. § 363, which will provide an opportunity for a competitive bidding process.

5. Now that the chapter 11 case has been filed, the Debtor requires use of cash collateral to maintain its operations and maximize its value as a going concern.

/ / /
/ / /
/ / /
/ / /
/ / /

Page 2 of 8 – MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

6. The following parties (collectively, the "**Secured Lenders**") are known to, or may, asserts liens against the Debtor's cash:[1]

| **Creditor** | **Nature of Debt** | **Amount Owed** | **Priority**[2] |
|---|---|---|---|
| Columbia State Bank | Loans/Mortgage | $5,463,000 | 1 |
| Lane County | Business Tax Warrant | $846 | 2 |
| 2Loris, LLC | Loan | $2,387,265 | 3 |
| Celtic Capital Corporation | Loan | $1,095,300 | 4 |
| Dominguez Family Enterprises, Inc. | Loans | $2,000,000 | 5 |
| OnDeck Capital[3] | Loan | $260,000 | 6 |
| **Total:** | | **$11,206,411** | |

*See* First-Day Decl., ¶ 21.

7. The Debtor believes that the Secured Lenders, as set forth above, are the only creditors that have or may have valid, perfected security interests or liens in the Debtors' existing cash collateral (as defined in Section 363(a) of the Bankruptcy Code) ("**Cash Collateral**") and/or in the Debtors' accounts, payment intangibles, and other assets that will be used, collected, or sold by the Debtors postpetition in the ordinary course of business. *See* First-Day Decl., ¶ 22.

/ / /

---

[1] An additional secured creditor, American Pop Corn Company, owed $140,354, holds a lien on certain equipment of the Debtor but not on its cash. UCC-1 financing statements have been filed against additional specific equipment by Wells Fargo and De Lage Laden, but the Debtor believes those debts have been fully paid and, in any event, they are not against Cash Collateral. Lane County has a secured claim for real property and personal property taxes totaling $79,601, but its lien does not attach to Cash Collateral. Finally, Worldwide Capital Management, Inc. and HOP Capital each filed UCC-1 financing statements against assets of the Debtor including cash, but those debts were paid in full pre-petition, and the alleged liens do not secure any remaining obligation.

[2] Priority based on timing of UCC filings. The Debtor understands there are a number of subordination agreements among its secured creditors that may affect priority.

[3] The UCC-1 financing statement of OnDeck Capital was filed (through agent CHCD Company) less than 90 days before the Petition Date and lien may be avoidable.

**Page 3 of 8 –** MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

## JURISDICTION

8. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 11 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 361 and 363(c), Fed. R. Bankr. P. 4001(b), and LBR 4001-1.

## RELIEF REQUESTED

9. The Debtor requests the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, authorizing it to use Cash Collateral, pursuant to 11 U.S.C. § 363(c)(1) and (2), the budget attached hereto as **Exhibit B** (the "**Budget**"), and the terms and conditions of the Proposed Interim Order, to pay the Debtor's continuing operating expenses, including its chapter 11 administrative expenses.

10. The Debtor's authority to use Cash Collateral shall be limited to the amounts set forth in the Budget; provided, however, that the Debtor may make expenditures in excess of said sums so long as any variance shall not exceed 15% of the cumulative expenses as set forth in the Budget, tested on a bi-weekly and monthly basis. The Debtor may exceed such variances only with the prior written consent of the Secured Lenders or by subsequent order of the Court.

11. In addition, the Debtor requests that the Court schedule (i) an interim hearing (on an emergency basis) to consider entry of the Proposed Interim Order, and (ii) a final hearing to consider entry of a final order authorizing the Debtor's continued use of cash collateral throughout the duration of this case until the Debtor's assets have been sold.

## GROUNDS FOR RELIEF REQUESTED

12. The Debtor requires the use of Cash Collateral to preserve the value of its business as a going concern and to preserve and maintain the assets of the bankruptcy case. Without access to the Cash Collateral, the Debtor will not be able to continue operating its

Page 4 of 8 – MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

business. In fact, its operations would cease within weeks, if not days. This will have an obvious negative impact on the value of the Debtor's assets. *See* First-Day Decl. ¶29–¶30.

13. In addition, as described in the First-Day Declaration (¶15-¶19 and ¶65-¶69), the Debtor has received and accepted (subject to Court approval and potential overbids) an offer to purchase substantially all of its assets. If the Debtor is unable to use Cash Collateral, that sale (which is expected to pay secured claims in full) will be jeopardized. The Debtor therefore require immediate use of Cash Collateral.

14. As set forth in the Budget, the Debtor proposes to use Cash Collateral in the amount of $962,967 over the 60-day period commencing July 2, 2018 through August 31, 2019. *See* First-Day Decl. ¶ 28.

15. The Debtor recognizes that the Secured Lenders' interests in the Cash Collateral are entitled to adequate protection. *See* 11 U.S.C. § 363(e).

16. Exactly what constitutes adequate protection must be decided on a case-by-case basis. *See In re Energy Partners, Ltd.*, 409 B.R. 211, 236 (Bankr. S.D. Tex. 2009) (*citing MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396-97 (10th Cir. 1987)); *In re Martin*, 761 F.2d 472, 476 (8th Cir. 1985). The focus of the requirement is to protect a secured creditor from diminution in the value of its interest in collateral during the reorganization process. *Energy Partners*, 409 B.R. at 236.

17. Forms of adequate protection can include periodic cash payments and replacement liens to make up for any decrease in the value of existing collateral, among other things. *See* 11 U.S.C. § 361(1) and (2).

A. Replacement Liens

18. Although the Debtor intends to use the Cash Collateral to fund its operations during chapter 11 and its chapter 11 administrative expenses,[4] the Debtor proposes to

---

[4] *See In re ProAlert, LLC*, 314 B.R. 436, 443 (BAP 9th Cir 2004) (Perris, J.) (holding that adequately protected secured creditor's cash collateral may be used to pay professional fees in addition to amounts potentially due under 11 USC § 506(c)); *Wrecclesham Grange*, 221 B.R. at

Page 5 of 8 – MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

provide replacement liens to the Secured Lenders equal to the amounts of Cash Collateral spent. As shown in the Budget, the Debtor expects to generate revenue in excess of its expenditures, and accounts receiving are not declining in value.

19. Numerous courts have held that a lienholder's interest is adequately protected when it receives replacement liens in property of a value equal to the value of the cash collateral being used). *See*, *e.g.*, *In re Mullen*, 172 BR 473, 476 (Bankr D Mass 1994); *In re Wrecclesham Grange, Inc.*, 221 BR 978, 981 (Bankr MD Fla 1997).

20. Accordingly, the Secured Lenders will be adequately protected by replacement liens.

B. Equity Cushion

21. Although not specifically enumerated in the Bankruptcy Code, another common form of adequate protection is an equity cushion in the property at issue. *See In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984) (holding that a 20% equity cushion constituted adequate protection to a secured creditor); *In re Boulders on the River*, 164 B.R. 99, 104 (9th Cir. BAP 1994) (authorizing use of cash collateral where secured creditor was protected with an equity cushion of 11.45%).

22. In addition, the Secured Lenders will be further protected by an equity cushion in property of the Debtor. As set forth in the First-Day Declaration, the value of the Debtor's real property ($11.0 million), inventory ($1.2 million), equipment ($1.7 million) and collectable accounts receivable ($1.2 million) (the "**Collateral**") is over $15.0 million. *See* First-Day Decl. ¶ 23-¶26.

23. Assuming the Secured Lenders' claims are all valid and their liens are not subject to avoidance, the total amount of the debt secured by liens in cash is $11,206,411.

---

982 (holding that postpetition rents could be used not only to maintain the property, but also to run DIP's business).

Page 6 of 8 – MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

Additionally, there are several secured creditors (American Pop Corn and Lane County) with apparently valid liens in specific non-cash collateral totaling $219,996. *See* First-Day Decl. ¶ 33.

24. Therefore, in this case, the Secured Lenders have at least $3.6 million in equity in the Collateral (*i.e.,* 32% more than the amount they are owed; and 24% of the value of the collateral). *See* First-Day Decl. ¶ 33.

25. This equity cushion provides additional adequate protection to the Secured Lenders. Although a portion of the Cash Collateral will be consumed in the course of the Debtor's business operations, there will continue to be substantial equity in the Collateral.

C. Periodic Payments

26. As set forth herein, the Secured Lenders' interest in the Cash Collateral will not decrease in value as a result of the Debtor's use of cash collateral. Accordingly, no payments should be required under 11 U.S.C. § 361(1). Nevertheless, subject to the Debtor's discretion, or to the extent the Court orders such payments as necessary to provide further adequate protection to the Secured Lenders, the Debtor will make monthly payments of interest only, calculated at the then applicable non-default rates, to each Secured Lender.

## INTERIM APPROVAL AND REQUEST FOR A FINAL HEARING

27. Pursuant to Fed. R. Bankr. P. 4001(b), a final hearing on a request for authority to use Cash Collateral may only be commenced after fourteen (14) days' notice of the motion requesting such relief. The Debtor requests that the Court set a hearing, as soon as practicable after the expiration of the 14-day notice, for the Court to consider entering a final order approving their use of cash collateral.

28. However, the Court also may authorize the use of cash collateral on an interim basis to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing. As set forth above, inability to use the Cash Collateral would be catastrophic for the Debtor, which would be unable to make payroll or otherwise operate its business. To prevent this immediate and irreparable harm, the Debtor requests the Court enter an

Page 7 of 8 – MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

order authorizing the Debtor to use Cash Collateral on an interim basis, and then schedule a hearing on final use of Cash Collateral promptly after the expiration of the 14-day period provided in Fed. R. Bankr. P. 4001(b).

## NOTICE

The Debtor has provided notice of this Motion to the Debtor's secured creditors at the addresses set forth in the service list attached to LBF 541.1 at the front of this Motion, the 20 largest unsecured creditors, and the Office of the United States Trustee. The Debtor submits the foregoing constitutes good and sufficient notice and that no other or further notice need be given under the circumstances.

## CONCLUSION

The Debtor's use of Cash Collateral will enable the Debtor to pay the expenses of its business, and pay the administrative expenses of this Chapter 11 case. The entry of the Interim Order will minimize disruption of Debtor's business operations, preserve the going concern value of its business, and allow the Debtor to pursue the sale of its assets, thereby maximizing the recovery to creditors. The Debtor cannot operate, or preserve the value of its assets, without use of Cash Collateral on the terms set forth in the Proposed Interim Order. The Debtor will face immediate and irreparable harm if the relief requested is not granted.

WHEREFORE, the Debtor requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief sought herein and such other and further relief as the Court may deem proper.

DATED: July 3, 2019

LEONARD LAW GROUP LLC

By: /s/ Timothy A. Solomon
Timothy A. Solomon, OSB 072573
Justin D. Leonard, OSB 033736
Holly C. Hayman, OSB 114146
Proposed Counsel for Debtor and
Debtor in Possession

Page 8 of 8 –  MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

**4 Him Food Group, LLC**, an Oregon corporation, dba **Cosmos Creations,**

Debtor.

Case No. 19-62049-tmr11

**[PROPOSED] INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter came before the Court pursuant to the Motion for Use of Cash Collateral on an Interim and Final Basis (the "**Motion**"). Based on the Motion and the documents submitted in support thereof, including the Declaration of John P. Strasheim in Support of First Day Motions dated July 2, 2019, the record in the Bankruptcy Case, the arguments of Counsel, and the Court otherwise being fully advised in the premises, the Court finds as follows:

A. <u>Commencement of Case</u>. On July 2, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief with this Court, commencing a case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Since the Petition Date, the Debtor has continued to manage and operate its property and business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

Page 1 of 6 – [PROPOSED] INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1010
Portland, Oregon 97258
leonard-law.com



B. <u>No Creditors Committee.</u> To date, the United States Trustee has not appointed a committee pursuant to 11 U.S.C. § 1102(a) in the Chapter 11 Case.

C. <u>Jurisdiction and Venue.</u> The Court has jurisdiction to consider the Motion and the relief requested therein. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue for proceedings on the Motion is proper in this Court pursuant to 28 U.S.C. § 1409.

D. <u>Prepetition Indebtedness and Security Therefor.</u> The Debtor represents that the following parties (collectively, the "**Secured Lenders**") are known to, or may, assert liens against the Debtor's cash, with priority based on date of UCC-1 filing:

| **Creditor** | **Nature of Debt** | **Amount Owed** | **Priority** |
|---|---|---|---|
| Columbia State Bank | Loans/Mortgage | $5,463,000 | 1 |
| Lane County | Business Tax Warrant | $846 | 2 |
| 2Loris, LLC | Loan | $2,387,265 | 3 |
| Celtic Capital Corporation | Loan | $1,095,300 | 4 |
| Dominguez Family Enterprises, Inc. | Loans | $2,000,000 | 5 |
| OnDeck Capital | Loan | $260,000 | 6 |
| **Total:** | | **$11,206,411** | |

The portion of the Secured Lenders' collateral in the form of cash and cash equivalents, and all cash proceeds of prepetition collateral received after the commencement of this Chapter 11 Case, shall all constitute "**Cash Collateral**."

E. <u>Necessity of Financing and Use of Cash Collateral.</u> The Debtor's sole source of revenue is cash, including Cash Collateral, and it is necessary for the Debtor to pay operating expenses pending the Court's approval and entry of a final order and/or any subsequent interim cash collateral orders and budgets during this Chapter 11 Case. Use of Cash Collateral to pay expenses as set forth in the budget attached hereto as **Exhibit A** (the "**Budget**") pending a final hearing is necessary to avoid immediate and irreparable harm to the estate.

Page 2 of 6 – [PROPOSED] INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1010
Portland, Oregon 97258
leonard-law.com

EXHIBIT A
2 of 6

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

F. <u>Notice</u>. Notice of the hearing and the relief requested in the Motion has been given to (a) the Office of the United States Trustee, (b) the Secured Lenders, (c) the creditors holding the 20 largest unsecured claims against the Debtor, and (d) all parties requesting special notice pursuant to Bankruptcy Rule 2002. Sufficient and adequate notice of the hearing and the relief requested in the Motion has been given pursuant to all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including, without limitation, section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001.

G. <u>Cause</u>. Entry of this Order will minimize disruption of the Debtor's business and preserve the value of the Debtor's assets as a going concern. The relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

NOW, THEREFORE, it is hereby ORDERED:

1. The Motion is granted.

2. The Debtor is authorized to use Cash Collateral until the Termination Date (as defined below), solely in accordance with the terms of this Order to pay costs and expenses incurred by the Debtor in the ordinary course of its business, including administrative expenses, consistent with the Budget.

3. The Debtor's authority to use Cash Collateral is limited to the amounts set forth in the Budget; <u>provided</u>, <u>however</u>, that the Debtor may make expenditures in excess of said sums in the Budget so long as any variance shall not exceed 15% of the cumulative expenses as set forth in the Budget, tested on a bi-weekly and monthly basis. The Debtor may exceed such variances only with the prior written consent of the Secured Lenders or by subsequently entered order of this Court.

4. The Debtor shall not borrow money from any person or entity on a secured basis without first obtaining authority from the Court and consent from the Secured Lenders.

Page 3 of 6 – [PROPOSED] INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1010
Portland, Oregon 97258
leonard-law.com

EXHIBIT A
3 of 6

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

5. The Debtor's authority to use Cash Collateral, without further order of the Court issued after notice and hearing or the written consent of the Secured Lenders, shall automatically expire upon the earlier of (a) _____, 2019, or (b) regardless of whether the Debtor has expended the entire amount set forth in the Budget, the failure by the Debtor to comply with any provision of this Order (such failure being an "**Event of Default**"), which failure is not remedied within five business days after delivery of notice of such failure by the Secured Lenders to the Debtor (the earlier of such dates, the "**Termination Date**"). Upon the Termination Date, the Debtor's authority to use or spend any further Cash Collateral shall automatically terminate unless and until the Debtor obtains the written consent of the Secured Lenders or a further order of this Court authorizing such use, issued after notice and an opportunity for a hearing; provided, however, that notwithstanding the occurrence of the Termination Date, the Debtor shall be authorized to use Cash Collateral to pay those budgeted amounts that have been incurred prior to the Termination Date.

6. As adequate protection for any Cash Collateral used by the Debtor, the Secured Lenders are hereby granted, pursuant to Sections 361)(2) and 363(e) of the Bankruptcy Code, perfected liens ("**Replacement Liens**") to secure an amount of the Secured Lenders' prepetition claims, up to the allowed amounts of such prepetition secured claims, equal to the extent of any diminution in the value of its prepetition collateral ("**Diminution**") by reason of the use of Cash Collateral authorized herein. The Replacement Liens shall have the same priority as the Secured Lenders' respective prepetition liens on cash collateral, and shall be subject to the same rights and defenses as those prepetition liens. The Replacement Liens shall not improve any Secured Lender's position or increase the amount of its allowed prepetition secured claim. The Replacement Liens shall attach to all property and assets of the Debtor and its estate, of the same kind or nature as the Prepetition Collateral, whether now owned or hereinafter acquired by the Debtor, and all products, proceeds, rents, issues or profits thereof; provided, however, the Replacement Lien shall not attach to property recoverable or recovered through the exercise of

Page 4 of 6 – [PROPOSED] INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1010
Portland, Oregon 97258
leonard-law.com

EXHIBIT A
4 of 6

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

the powers granted under sections 506(c), 544, 545, 547, 548 and 549 of the Bankruptcy Code. Granting this security interest to the Secured Lenders is for the sole purpose of providing adequate protection to the Secured Lenders to protect their allowed secured claims on the Petition Date and is not intended, nor shall it be deemed, to improve any party's collateral position of as of the Petition Date.

7. The Replacement Liens shall be in addition to all other security interests and liens securing the Secured Lenders' allowed secured claim in existence on the Petition Date. Additionally, nothing in this Order shall abridge or limit the Secured Lenders' security interest in proceeds, products, or profits to the extent provided under section 552 of the Bankruptcy Code.

8. The Replacement Liens hereunder shall at all times be senior to the rights of the Debtor and any successor trustee or estate representative in this case or any subsequent cases or proceedings under the Bankruptcy Code.

9. The Replacement Liens granted to the Secured Lenders by this Order shall be perfected and enforceable by operation of law upon execution and entry of this Order by the Court without regard to whether such security interests and liens are perfected under applicable non-Bankruptcy law.

10. This Order, and each of its terms, shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of Bankruptcy Rule 8017(a) shall not apply.

11. A final hearing on the Debtor's Motion for Authority to Use Cash Collateral shall be held by the Court in <u>Courtroom 5</u> of the United States Bankruptcy Court for the District of Oregon, 405 E. 8th Ave., #2600, Eugene, Oregon 97401, on **July 31, 2019 at 1:30 p.m**. Within three (3) business days after the entry hereof, the Debtor shall mail or otherwise serve a copy of this Order, together with a notice of the final hearing, pursuant to LBR 4001-1 and LBF 541.5(3).

# # #

Page 5 of 6 – [PROPOSED] INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1010
Portland, Oregon 97258
leonard-law.com

EXHIBIT A
5 of 6

Case 19-62049-tmr11    Doc 10    Filed 07/03/19

CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(A)

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

LEONARD LAW GROUP LLC

/s/ Timothy A. Solomon
Justin D. Leonard, OSB 033736
Timothy A. Solomon, OSB 072573
Holly C. Hayman, OSB 114146
Proposed Counsel to Debtor and Debtor in Possession

c: ECF Participants
Interested Parties by US Mail

**Page 6 of 6** – [PROPOSED] INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1010
Portland, Oregon 97258
leonard-law.com

EXHIBIT A
6 of 6

Case 19-62049-tmr11    Doc 10    Filed 07/03/19



**9 Week Cash Flow**     As of 7/2/2019

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|---|
| | 7/6 | 7/13 | 7/20 | 7/27 | 8/3 | 8/10 | 8/17 | 8/24 | 8/31 |
| **CASH FLOWS FROM OPERATING ACTIVITIES** | | | | | | | | | |
| Cash from Customers AR | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 |
| Collections from future work | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total Collections** | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 | $112,335 |
| **Cash Paid for Operating Expenses:** | | | | | | | | | |
| <u>Purchase of Raw Goods</u> | | | | | | | | | |
|   Agricor (Grain Millers) | | | | | $19,741 | | $15,741 | | $11,625 |
|   Agridient | | | $7,848 | | | | $7,847 | | $7,847 |
|   C&H Sugar (Domino Foods) | | | | | | | | | |
|   Ciranda | | | | | | | | | $4,200 |
|   Columbus Vegetable Oils | | | | $36,624 | | | | $8,505 | |
|   Domino Foods (C&H Sugar) | | | $16,100 | | | $20,260 | | | $16,100 |
|   Decopac | | | | | | | | | $3,002 |
|   Elite Spice | | | | | | | | | $9,975 |
|   Edward & Sons | | | | | | | | | $1,363 |
|   FONA International | | | | $2,124 | | | | | |
|   Glory Bee | | | $317 | | $528 | | | $3,396 | |
|   Larsen's Creamery | | | | $36,117 | $1,293 | $25,847 | $25,847 | $12,924 | $23,193 |
|   Morrison/Nebraska Popcorn | | | $5,313 | | | | | | |
|   Nutrin | | | | | | | $2,188 | | |
|   The Food Source | | | | | $13,000 | | | | $13,000 |
|   TIDES (SW Financial) | | | | | | $6,613 | | | |
| <u>Packaging Purchases</u> | | | | | | | | | |
|   CDB Packaging Purchase | | | | | $129,425 | $6,200 | $19,650 | $9,150 | |
|   Columbia Corrugated | | | $1,500 | | | | | | |
|   PCA | | | $15,000 | | $9,100 | $9,600 | $22,890 | $9,600 | $11,594 |
|   Totem Pallets & Crates | | | $1,400 | | | $1,400 | | | |
| Payroll/payroll taxes (59 employees) | | $111,000 | | $111,000 | | $112,000 | | $112,000 | |
| <u>Benefits</u> | | | | | | | | | |
|   Pacific Source: Medical, FSA, COBRA Admin | | | | $19,988 | | | | $19,988 | |
|   Standard: Life, Vision, Dental | | | | $4,660 | | | | $4,660 | |
|   SAIF: Workers Comp | | | $3,400 | | | | $3,400 | | |
| Freight | $17,000 | $17,000 | $17,000 | $17,000 | $17,000 | $17,000 | $17,000 | $17,000 | $17,000 |
| Commissions | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
|   Inside Sales Team | $4,580 | $4,580 | $4,580 | $4,580 | $4,187 | $4,187 | $4,187 | $4,187 | $4,187 |
| Royalties | | | | | | | | | |
| Sales/Marketing | $5,500 | $4,000 | $1,000 | $10,500 | $5,500 | $6,225 | $6,500 | $6,215 | $5,000 |
|   Travel to shows/sales | | | | $4,000 | | | | | |
| Insurance | | | $2,694 | $2,700 | | | | $2,700 | $2,694 |
| Office expenses | $1,365 | $1,365 | $1,365 | $1,365 | $1,365 | $1,365 | $1,365 | $1,365 | $1,365 |
| Auto expense | $255 | $255 | $255 | $830 | $255 | $255 | $255 | $255 | $830 |
| <u>Production expenses</u> | | | | | | | | | |
|   Aramark | | $3,440 | | | | $3,440 | | | |
|   Industrial Source | | $7,000 | | $5,000 | | $5,000 | | $5,000 | |
|   WCP Solutions | | | | | | $5,000 | | | |
| Repairs & Maint | $1,330 | $1,330 | $1,330 | $1,330 | $1,330 | $1,330 | $1,330 | $1,330 | $1,330 |
|   KS Kems | | | $150 | | | | | $150 | |
|   Oregon Pest Control | | | | $190 | | | | | $190 |
| <u>Utilities</u> | | | | | | | | | |
|   City of JC | | $993 | | | | $993 | | | |
|   NW Natural Gas | | | | $1,273 | | | | $1,273 | |
|   Rocky Mountain PP&L | $6,536 | | | | | $6,536 | | | |
|   COMCAST 9679 | | | $364 | | | | | $364 | |
|   COMCAST-7798 | $1,690 | | | | $1,690 | | | | |
|   COMCAST-7242 | | | | $205 | | | | $205 | |
|   COMCAST-4616 | $2,005 | | | | $2,005 | | | | |
|   VERIZON | $1,098 | | | | $1,098 | | | | |
| Taxes | | | | | | | | | |
| Fees & licenses | $1,700 | $1,700 | $1,700 | $1,700 | $1,700 | $1,700 | $1,700 | $1,700 | $1,700 |
| Contract Labor (overseas) | | | | $5,000 | | | | | $5,000 |
| Professional services | $4,000 | $6,000 | $4,000 | $4,000 | $4,000 | $6,000 | $4,000 | $4,000 | $2,000 |
| Misc | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 |
| Total Cash Used in Operations | $52,559 | $164,163 | $47,338 | $196,821 | $45,630 | $176,531 | $45,601 | $187,528 | $46,796 |
| **Net Cash Provided by Operating Activities** | $59,776 | ($51,828) | $64,997 | ($84,486) | $66,705 | ($64,196) | $66,734 | ($75,193) | $65,539 |
| | | | | | | | | | |
| Net Increase (Decrease) of Cash | $59,776 | ($51,828) | $64,997 | ($84,486) | $66,705 | ($64,196) | $66,734 | ($75,193) | $65,539 |
| **Beginning Cash Position** | $2,800 | $62,576 | $10,748 | $75,745 | ($8,741) | $57,964 | ($6,232) | $60,502 | ($14,691) |
| **Ending Cash Position** | $62,576 | $10,748 | $75,745 | ($8,741) | $57,964 | ($6,232) | $60,502 | ($14,691) | $50,848 |

**EXHIBIT B**