DISTRICT OF OREGON
**F I L E D**
July 12, 2019
Clerk, U.S. Bankruptcy Court

Below is an order of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**4 Him Food Group, LLC**, an Oregon corporation, dba **Cosmos Creations,**<br><br>Debtor. | Case No. 19-62049-tmr11<br><br>**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION** |

    This matter came before the Court pursuant to the Motion for Use of Cash Collateral on an Interim and Final Basis (Doc. 10) (the "**Motion**") , filed by debtor 4 Him Food Group, LLC (the "**Debtor**"). A hearing was held on July 10, 2019, to consider the relief requested in the Motion (the "**Hearing**").

    NOW, THEREFORE, for the reasons set forth on the record at the Hearing, it is hereby ORDERED:

    1.  The Debtor is authorized to use Cash Collateral (as defined in the Motion) until the Termination Date (as defined below), solely in accordance with the terms of this Order, to pay costs and expenses incurred by the Debtor in the ordinary course of its business, including administrative expenses, consistent with the budget attached hereto as <u>**Exhibit A**</u> (the "**Budget**").

**Page 1 of 4 – INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 19-62049-tmr11    Doc 24    Filed 07/12/19

2. The Debtor's authority to use Cash Collateral is limited to the amounts set forth in the Budget; provided, however, that the Debtor may make expenditures in excess of said sums in the Budget so long as any variance shall not exceed 15% of any line-item set forth in the Budget, tested on a monthly basis. The Debtor may exceed such variances only with the prior written consent of the Secured Lenders (as defined in the Motion) or by subsequently entered order of this Court.

3. The Debtor shall not borrow money from any person or entity on a secured basis without first obtaining authority from the Court and consent from the Secured Lenders.

4. The Debtor's authority to use Cash Collateral, without further order of the Court issued after notice and hearing or the written consent of the Secured Lenders, shall automatically expire upon the earlier of (a) July 31, 2019, or (b) regardless of whether the Debtor has expended the entire amount set forth in the Budget, the failure by the Debtor to comply with any provision of this Order (such failure being an "**Event of Default**"), which failure is not remedied within five business days after delivery of notice of such failure by the Secured Lenders to the Debtor (the earlier of such dates, the "**Termination Date**"). Upon the Termination Date, the Debtor's authority to use or spend any further Cash Collateral shall automatically terminate unless and until the Debtor obtains the written consent of the Secured Lenders or a further order of this Court authorizing such use, issued after notice and an opportunity for a hearing; provided, however, that notwithstanding the occurrence of the Termination Date, the Debtor shall be authorized to use Cash Collateral to pay those budgeted amounts that have been incurred prior to the Termination Date.

5. As adequate protection for any Cash Collateral used by the Debtor, the Secured Lenders are hereby granted, pursuant to Sections 361(2) and 363(e) of the Bankruptcy Code, perfected liens of the same nature and kind as secured the claims of the Secured Lenders on the Petition Date ("**Replacement Liens**") to secure an amount of the Secured Lenders'

**Page 2 of 4 – INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 19-62049-tmr11    Doc 24    Filed 07/12/19

prepetition claims, up to the allowed amounts of such prepetition secured claims, equal to the extent of any diminution in the value of their prepetition collateral ("**Diminution**") by reason of the use of Cash Collateral authorized herein. The Replacement Liens shall have the same priority as the Secured Lenders' respective prepetition liens, and shall be subject to the same rights and defenses as those prepetition liens. The Replacement Liens shall not improve, nor shall anything in this Order be deemed to improve, any Secured Lender's position or increase the amount of its allowed prepetition secured claim.

6. The Replacement Liens shall attach to all property and assets of the Debtor and its estate of the same kind or nature as a Secured Lender's prepetition collateral, whether now owned or hereinafter acquired by the Debtor, and all products, proceeds, rents, issues or profits thereof; provided, however, the Replacement Liens shall not attach to property recoverable or recovered through the exercise of the powers granted under sections 506(c), 544, 545, 547, 548 and 549 of the Bankruptcy Code.

7. The Replacement Liens shall be in addition to all other security interests and liens securing the Secured Lenders' allowed secured claim in existence on the Petition Date. Additionally, nothing in this Order shall abridge or limit the Secured Lenders' security interest in proceeds, products, or profits to the extent provided under section 552 of the Bankruptcy Code.

8. The Replacement Liens hereunder shall at all times be senior to the rights of the Debtor and any successor trustee or estate representative in this case or any subsequent cases or proceedings under the Bankruptcy Code.

9. The Replacement Liens granted to the Secured Lenders by this Order shall be perfected and enforceable by operation of law upon execution and entry of this Order by the Court without regard to whether such security interests and liens are perfected under applicable non-Bankruptcy law.

10. A final hearing on the Debtor's Motion for Authority to Use Cash Collateral shall be held by the Court in Courtroom 5 of the United States Bankruptcy Court for

**Page 3 of 4** – INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 19-62049-tmr11    Doc 24    Filed 07/12/19

the District of Oregon, 405 E. 8th Ave., Eugene, Oregon 97401, on **July 31, 2019 at 1:30 p.m**. Any objections shall be filed by **July 26, 2019**.

        11.     A copy of this Order shall be served pursuant to FRBP 7004 within two (2) business days of entry of this Order upon: (a) the Debtor's 20 largest unsecured creditors; (b) any known creditors claiming a security interest in or lien on Cash Collateral; (c) the U.S. Trustee; and (d) all persons who have requested notice pursuant to Bankruptcy Rule 2002.

# # #

## CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(B), to the extent that, on July 11, 2019, I circulated copies of the Order to all of the secured parties appearing at the July 10, 2019 hearing plus contacts for OnDeck Capital and 2Loris LLC. Each of the parties participating at the June 10 hearing affirmatively consented to the form of Order. The other parties did not respond.

PRESENTED BY:

LEONARD LAW GROUP LLC

  /s/ Timothy A. Solomon
  Timothy A. Solomon, OSB 072573
  Justin D. Leonard, OSB 033736
  Holly C. Hayman, OSB 114146
Proposed Counsel to Debtor and Debtor in Possession

cc:    Celtic Capital, c/o Hemar, Rousso & Heald, LLP, Attn: Christopher D. Crowell, 15910 Ventura Boulevard, 12th Floor, Encino, CA 91436

**Page 4 of 4 – INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 19-62049-tmr11   Doc 24   Filed 07/12/19



**Interim Cash Collateral Budget**

| | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|
| | **7/6** | **7/13** | **7/20** | **7/27** | **8/3** |
| **CASH FLOWS FROM OPERATING ACTIVITIES** | | | | | |
| Cash from Customers AR | 112,335 | 112,335 | 220,000 | 112,335 | 112,335 |
| **Total Collections** | 112,335 | 112,335 | 220,000 | 112,335 | 112,335 |
| | | | | | |
| **Cash Paid for Operating Expenses:** | | | | | |
| **Purchase of Raw Goods** | | | | | |
| Agricor (Grain Millers) | | | | | 19,741 |
| Agridient | | | 7,848 | | |
| Ciranda | | | | | |
| Columbus Vegetable Oils | | | | 36,624 | |
| Domino Foods (C&H Sugar) | | | 16,100 | | |
| Decopac | | | | | |
| Elite Spice | | | | | |
| Edward & Sons | | | | | |
| FONA International | | | | 2,124 | |
| Glory Bee | | | 317 | | 528 |
| Larsen's Creamery | | | | | 1,293 |
| Morrison/Nebraska Popcorn | | | 5,313 | | |
| Nutrin | | | | | |
| The Food Source | | | | | 13,000 |
| TIDES (SW Financial) | | | | 36,117 | |
| | | | | | |
| **Packaging Purchases** | | | | | |
| Film Purchases (bags) | | | | | 129,425 |
| Boxes | | | 16,500 | | 9,100 |
| Pallets | | | 1,400 | | |
| | | | | | |
| Payroll/payroll taxes (59 employees) | | 111,000 | | 111,000 | |
| Payroll (prepetition allowed payments) | | 5,621 | | | |
| **Benefits** | | | | | |
| Pacific Source: Medical, FSA, COBRA Admin | | | | 19,988 | |
| Standard: Life, Vision, Dental | | | | 4,660 | |
| SAIF: Workers Comp | | | 3,400 | | |
| Freight | 17,000 | 17,000 | 17,000 | 17,000 | 17,000 |
| Commissions | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 |
| Inside Sales Team | 4,580 | 4,580 | 4,580 | 4,580 | 4,187 |
| Royalties | | | | | |
| Sales/Marketing | 5,500 | 4,000 | 5,000 | 10,500 | 5,500 |
| Insurance | | | 2,694 | 2,700 | |
| Office expenses | 1,365 | 1,365 | 1,365 | 1,365 | 1,365 |
| Auto expense | 255 | 255 | 255 | 830 | 255 |
| **Production expenses** | 500 | 500 | 500 | 500 | 500 |
| Aramark | | 4,000 | | | |
| Industrial Source | | 7,000 | | 5,000 | |
| WCP Solutions/Western | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 |
| **Repairs & Maint** | 1,330 | 1,330 | 1,330 | 1,330 | 1,330 |
| KS Kems | | | 300 | | |
| Oregon Pest Control | | | | 190 | |
| **Utilities** | | | | | |
| City of JC | | 993 | | | |
| NW Natural Gas | | | 1,400 | 1,273 | |
| Rocky Mountain PP&L | 6,536 | | | | |
| COMCAST 9679 | | | 364 | | |
| COMCAST-7798 | 670 | | | | 670 |
| COMCAST-7242 | | | | 205 | |
| COMCAST-4616 | 2,005 | | | | 2,005 |
| VERIZON | 1,098 | | | | 1,098 |
| Quality Assurance & Control | 1,100 | 1,100 | 1,100 | 1,100 | 1,100 |
| Rent | | | | | |
| Taxes | | | | | |
| Fees & licenses | 1,700 | 1,700 | 1,700 | 1,700 | 1,700 |
| Contract Labor (overseas) | | | | 5,000 | |
| Professional services | - | - | - | - | - |
| Misc | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| | | | | | |
| Total Cash Used in Operations | 50,339 | 167,144 | 47,688 | 195,621 | 43,410 |
| | | | | | |
| **Net Cash Provided by Operating Activities** | 61,996 | (54,809) | 172,312 | (83,286) | 68,925 |
| | | | | | |
| **Net Increase (Decrease) of Cash** | $ 61,996 | $ (54,809) | $ 172,312 | $ (83,286) | $ 68,925 |
| **Beginning Cash Position** | $ 2,800 | $ 64,796 | $ 9,987 | $ 182,299 | $ 99,013 |
| **Ending Cash Position** | $ 64,796 | $ 9,987 | $ 182,299 | $ 99,013 | $ 167,938 |