J. Alexandra Rhim (Admitted *Pro Hac Vice*)
Christopher D. Crowell (Admitted *Pro Hac Vice*)
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
E-mail: arhim@hrhlaw.com
ccrowell@hrhlaw.com

Susan S. Ford (OSB 842203)
Thomas W. Stilley (OSB 883167)
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, Oregon 97205
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-mail: sford@sussmanshank.com
tstilley@sussmanshank.com

Attorneys for Secured Creditor
CELTIC CAPITAL CORPORATION

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>4 HIM FOOD GROUP, LLC, an OREGON CORPORATION dba COSMOS CREATIONS,<br><br>Debtor. | Case No. 19-62049-tmr11<br><br>SECURED CREDITOR CELTIC CAPITAL CORPORATION'S LIMITED OPPOSITION TO DEBTOR'S MOTION FOR ORDERS (1) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS AND OTHER INTERESTS, (2) APPROVING SALE PROCEDURES, (3) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (4) APPROVING PURCHASE AGREEMENT OR SUBSEQUENT OVERBID, (5) SCHEDULING A HEARING TO CONSIDER APPROVAL OF THE SALE, (6) ESTABLISHING THE FORM AND MANNER OF NOTICES RELATING THERETO, AND (7) REQUESTING WAIVER OF THE STAY UNDER BANKRUPTCY RULE 6004(F) AND 6006(D) |

# INTRODUCTION

Celtic Capital Corporation ("Celtic"), while reserving all rights, at present opposes the Debtor's Sale Motion only insofar as it does not provide for Celtic to be paid on the sale closing date directly from the sale proceeds. Celtic holds the senior lien on Debtor's equipment[1] and a blanket lien on Debtor's other personal property potentially junior in priority only to the lien of stalking horse Dominguez Family Enterprises, Inc. ("Dominguez"). Celtic's liens are perfected and unavoidable and secure a claim in an amount not less than $1,088,279.11 as of Debtor's bankruptcy petition date ("Petition Date"). Any post-closing delay in paying Celtic would not be in the best interests of the estate and its creditors as it would only result in the accrual of additional post-petition interest on Celtic's claim.

# STATEMENT OF RELEVANT FACTS

A. Celtic's Secured Claim

Celtic filed its Proof of Claim on July 29, 2019, and filed an amended Proof of Claim on August 19, 2019, in each case describing the basis for Celtic's secured claim and the amount of the claim as of the Petition Date. (See Claims Dkt. No. 17.)

In summary, Celtic's claim arises from a loan to Debtor in the original principal amount of $1,115,583.35 ("Term Loan"). The Term Loan is secured by a security interest in substantially all of Debtor's present and future personal property, and all proceeds thereof, including without limitation Debtor's accounts, inventory, and equipment ("Collateral"). Celtic perfected its security interest in the Collateral by filing a UCC Financing Statement with the Oregon Secretary of State on August 29, 2018. Around that time, Celtic entered into Lien Subordination Agreements with 2 Loris, LLC, and Columbia State Bank, whereby these creditors agreed to subordinate their interest in the Collateral to Celtic's interest therein.

Celtic and Dominguez subsequently entered into a Mutual Lien Subordination Agreement dated March 22, 2019, whereby (a) Dominguez agreed to subordinate its security interest in the Celtic First-Priority Collateral (defined to include Debtor's present and future equipment and all proceeds

---

[1] Celtic's senior priority security interest extends to equipment and related assets as set forth in that certain Mutual Lien Subordination Agreement dated March 22, 2019.

thereof) to Celtic's security interest therein, and (b) Celtic agreed to subordinate its security interest in the Dominguez First-Priority Collateral (defined to include substantially all Debtor's personal property other than the Celtic First-Priority Collateral) to Dominguez' security interest therein.

As of the Petition Date, Debtor owed Celtic not less than $1,088,279.11 on the Term Loan, including a $1,076,544.50 principal balance, $11,184.61 in unpaid interest for June 2019 accrued at the contract interest rate, and $550.00 in legal fees.

B.  The Adequate Protection Order

On August 1, 2019, the Court entered its Order Authorizing Use of Cash Collateral and Granting Adequate Protection, whereby the Court granted Celtic (and other putative secured creditors) replacement liens on Debtor's post-petition assets (other than surcharge and avoidance rights) of the same nature and kind, and with the same priority, as the prepetition liens. (Dkt. No. 40.) As further adequate protection, the Court ordered Debtor to make $15,000 payments to Celtic on August 15, September 16, and October 15, 2019. (Id.)

C.  The Sale Motion

The Sale Motion, filed August 19, 2019, contemplates a free-and-clear sale of substantially all of Debtor's assets to Dominguez for $9,000,000 cash (with $1,000,000 allocated to Debtor's equipment and $8,000,000 allocated to Debtor's real property) plus (i) assumption of Assumed Liabilities (as defined therein); and (ii) a credit in the amount of Dominguez' secured claim against the book value of Debtor's inventory and current accounts receivable, all subject to overbid and as set forth in more detail therein. (Dkt. No. 48.) Notwithstanding Celtic's receipt of adequate protection payments, it appears the cash proceeds allocated for equipment will be insufficient to fully satisfy the amount of Celtic's secured claim.

ARGUMENT

Unless Celtic (and all other lienholders) are paid in full from the sale, Debtor may sell its assets only with Celtic's consent. See 11 U.S.C. § 363(f).

Celtic, while reserving the right to offer further opposition to Debtor's contemplated asset sale depending on future developments, at present opposes the Sale Motion only insofar as it does not provide for Celtic to be paid on the sale closing date directly from the sale proceeds. At minimum,

Celtic should be paid all sale proceeds attributable to Debtor's equipment (and such other related assets), presently in the amount of $1,000,000.

Celtic's Proof of Claim was filed more than five weeks ago and sets forth in detail the basis for Celtic's secured claim. No party in interest has filed an objection to Celtic's claim, which is therefore at present deemed allowed pursuant to 11 U.SC. § 502(a). By the time of any hearing on the Sale Motion, all parties in interest (including Debtor, the Creditors' Committee, and putative secured creditors) will have had ample opportunity to evaluate the merits of Celtic's claim. There is therefore no reason to delay paying Celtic when the sale closes. Any delay would only result in the accrual of additional post-petition interest on Celtic's claim, pursuant to 11 U.S.C. § 506(b), to the detriment of other creditors and the bankruptcy estate.

## CONCLUSION

For the foregoing reasons, Celtic requests that the Court grant the Sale Motion, if at all, only with the modifications requested herein.

DATED: September 3, 2019　　　　　　　　HEMAR, ROUSSO & HEALD, LLP

　　　　　　　　　　　　　　BY:　/s/ Christopher D. Crowell
　　　　　　　　　　　　　　　　　J. Alexandra Rhim
　　　　　　　　　　　　　　　　　Christopher D. Crowell
　　　　　　　　　　　　　　　　　Attorneys for Secured Creditor
　　　　　　　　　　　　　　　　　CELTIC CAPITAL CORPORATION

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and am not a party to the within action or proceeding. I am employed by the law firm of Hemar, Rousso & Heald, LLP, located at 15910 Ventura Blvd., 12th Floor, Encino, CA 91436, Telephone: (818) 501-3800.

I certify that on September 3, 2019, I have caused this **SECURED CELTIC CAPITAL CORPORATION'S LIMITED OPPOSITION TO DEBTOR'S MOTION FOR ORDERS (1) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS AND OTHER INTERESTS, (2) APPROVING SALE PROCEDURES, (3) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (4) APPROVING PURCHASE AGREEMENT OR SUBSEQUENT OVERBID, (5) SCHEDULING A HEARING TO CONSIDER APPROVAL OF THE SALE, (6) ESTABLISHING THE FORM AND MANNER OF NOTICES RELATING THERETO, AND (7) REQUESTING WAIVER OF THE STAY UNDER BANKRUPTCY RULE 6004(F) AND 6006(D)** to be served on interested parties requesting notice through the Court's CM/ECF system in the form and manner required by LBR 5005-4(d), on the following parties as indicated below:

**SEE ATTACHED NEF SERVICE LIST**

__XX__   (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 3, 2019, at Encino, California.

_____
SANAZ ADNANI

## COURT NEF SERVICE LIST

- **DONALD J CHURNSIDE**    don@oregonlegalteam.com, judy@oregonlegalteam.com
- **CHRISTOPHER D CROWELL**    ccrowell@hrhlaw.com
- **SUSAN S FORD**    susanf@sussmanshank.com, jhume@sussmanshank.com, ecf.susan.ford@sussmanshank.com; susan-ford-1058@ecf.pacerpro.com
- **NICHOLAS J HENDERSON**    nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com; hendersonnr86571@notify.bestcase.com
- **JUSTIN D LEONARD**    jleonard@LLG-LLC.com, justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com
- **LANCE A LeFEVER**    llefever@thorp-purdy.com, lgibson@thorp-purdy.com
- **J. ALEXANDRA RHIM**    arhim@hrhlaw.com
- **MARGOT D SEITZ**    mseitz@fwwlaw.com, kmuir@fwwlaw.com
- **TIMOTHY A SOLOMON**    tsolomon@llg-llc.com, justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com
- **THOMAS W STILLEY**    tom@sussmanshank.com, jhume@sussmanshank.com, ecf.thomas.stilley@sussmanshank.com; thomas-stilley-7866@ecf.pacerpro.com
- **US Trustee, Eugene**    USTPRegion18.EG.ECF@usdoj.gov