Donald J. Churnside, OSB # 791876
GAYDOS, CHURNSIDE & BALTHROP, P.C.
Attorneys at Law
440 East Broadway, Suite 300
Eugene OR 97401
Telephone: (541) 343-8060
Facsimile: (541) 343-1599
Email: don@oregonlegalteam.com
Attorney for Unsecured Creditors Committee

GAYDOS, CHURNSIDE & BALTHROP, P.C.
Attorneys at Law
440 E. Broadway, Suite 300
Eugene, Oregon 97401
(541) 343-8060 • Fax (541) 343-1599

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | Case No.: 19-62049-tmr11 |
|---|---|
| 4 Him Food Group, LLC dba Cosmos Creations, | CREDITORS COMMITTEE'S OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF |
| Debtor. | THE DEBTOR AND RELATED RELIEF |

The Unsecured Creditors Committee, by and through its counsel, hereby objects to the

Debtor's motion for order authorizing the sale of substantially all assets of the debtor and related

relief on the grounds and for the reason that the proposed transfer is outside the scope of

11 USC §63, and circumvents the Debtor's obligation as a Chapter 11 debtor, and all parties'

rights and expectations of a plan of reorganization.

**1. Grant agreement is beyond the scope of 11 USC §363b.**

The proposed asset purchase agreement attached to the Debtor's motion as Exhibit A, at

section 2.5, paragraph (g), requires that as part of the consideration for the purchase, the parties

1 - CREDITORS COMMITTEE'S OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR AND RELATED RELIEF

165026

Case 19-62049-tmr11    Doc 84    Filed 10/28/19

GAYDOS, CHURNSIDE & BALTHROP, P.C.
Attorneys at Law
440 E. Broadway, Suite 300
Eugene, Oregon 97401
(541) 343-8060 • Fax (541) 343-1599

will enter into the grant agreement. The grant agreement is not further delineated in the asset purchase agreement. The debtor's motion summarizes the grant agreement on page 5, at paragraph 15, and describes that the parties will enter into a grant agreement:

> "Pursuant to which a new entity established by the debtor will be granted a non-assignable 20% economic interest in buyer, which economic interest will be non-voting and subject to the terms and conditions set forth in the grant agreement."

The terms and conditions of that grant agreement are not further delineated. Authorizing any such grant agreement is beyond the scope of 11 USC §363b, and controverts the reorganization plan contemplated by 11 USC Chapter 11. See *Pension Benefit Guaranty Corporation, et al. v. Braniff Airways, Inc., et al. (In re Braniff Airways, Inc.),* 700 F.2d 935 (5th Cir. 1983).

In essence, the debtor is proposing to sell 80% of substantially all of the assets.

**2. Fair and reasonable price.**

As stated in the cases cited by the debtor in its motion, a sale under 11 USC §363b is possible in the absence of a plan, subject to the sound business purpose test. The sound business purpose test includes four (4) elements:

(1) A sound business reason;

(2) Accurate and reasonable notice;

(3) Price is fair and reasonable; and

(4) Good faith.

*In re Photocopy & Supply, Inc.,* 1994 W.L. 55306 (Bankruptcy D. Idaho 1994).

At issue in the present case is the element of a fair and reasonable price and good faith. Based upon the motion, the purchaser is only purchasing 80% of the assets, and allowing the

2 - CREDITORS COMMITTEE'S OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR AND RELATED RELIEF

165026

GAYDOS, CHURNSIDE & BALTHROP, P.C.
Attorneys at Law
440 E. Broadway, Suite 300
Eugene, Oregon 97401
(541) 343-8060 • Fax (541) 343-1599

debtor to retain a 20% interest. The purchase price stated in the motion and its attachments includes cash of $9,150,000, assumption of certain liabilities, a credit bid of approximately $2,000,000, and the book value of seller's inventory and accounts receivable. Simply based on the cash and credit bid of $11,150,000 for 80% of the assets, a purchase price for all of the assets would equate to a reasonable sales price of $13,380,000 for 100% of the value. A sale of substantially all of the assets authorized by 11 USC §363 should require a price paid into the estate of 100% of the value of those assets, $13,380,000.

A review of the debtor's schedules, at Part 1, lists a value of all assets of $15,043,017.48. The debtor's petition lists secured creditors at $11,426,290.91, and unsecured claims of $7,329,335.87. Based upon the schedules, it appears that the sales price is intended to simply satisfy the secured claims and leave no distribution to unsecured creditors. A liquidation analysis based on the assets and values listed in the schedules suggests that there remains assets in excess of secured debt of $3,616,727. If the debtor's schedules are accurate, it would result in approximately a 50% dividend to unsecured creditors upon liquidation.

### 3. Good faith.

Another element of the sound business purpose test is the debtor's good faith. The debtor testified at the meeting of creditors that the bankruptcy filing was at the suggestion of the purchaser, to protect and preserve the purchaser and the assets purchased. In addition, the president of the debtor testified that the debtor's management team would remain intact, and continue to operate the business for the benefit of the purchaser. Based upon that structure, the management team remaining intact and the debtor or insiders retaining an equity position in the purchaser, the transaction is more akin to the purchaser funding the operation of the debtor, as

3 - CREDITORS COMMITTEE'S OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR AND RELATED RELIEF

165026

GAYDOS, CHURNSIDE & BALTHROP, P.C.
Attorneys at Law
440 E. Broadway, Suite 300
Eugene, Oregon 9740I
(541) 343-8060 • Fax (541) 343-1599

opposed to purchasing substantially all of the assets. That should be done pursuant to a confirmed plan of reorganization.

### 4. Conclusion.

The debtor's proposed sale goes beyond the scope and authority of 11 USC §363. The debtor's motion should be denied. A plan of reorganization should be proposed which could capture the components of the sale and at the same time protect and preserve a reasonable distribution to unsecured creditors. The court would retain continuing jurisdiction over the operation, and the performance of a reasonable plan of reorganization. Under the present proposal and sale, a distribution to unsecured creditors is not likely.

DATED the 28th day of October, 2019.

_____/s/ Donald J. Churnside_____
Donald J. Churnside, OSB #791876

4 - CREDITORS COMMITTEE'S OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE
SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR AND RELATED RELIEF

165026

Case 19-62049-tmr11    Doc 84    Filed 10/28/19

# CERTIFICATE OF SERVICE

I hereby certify that I served or caused to be served the foregoing CREDITORS COMMITTEE'S OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR AND RELATED RELIEF, by depositing in the United States mail at Eugene, Oregon, full and complete copies thereof, by first class mail, postage prepaid, addressed to the following:

| | |
|---|---|
| Columbia Corrugated Box<br>Attn: Mark Overholt<br>12777 SW Tualatin Sherwood Rd.<br>Tualatin, OR 97062 | Personnel Source<br>Attn: Jerry Stiltner<br>555 Lincoln St.<br>Eugene, OR 97401 |
| Frank D. Taylor<br>95796 Howard Lane<br>Junction City, OR 97448 | CDB Packaging<br>Attn: Carl D. Brunst<br>2058 N. Mill Avenue #246<br>Claremont, CA 81711 |
| Graystone Legacy Investments, LLC<br>Attn: Grant S. Jones<br>18301 NE 78th Circle<br>Vancouver, WA 98682 | J. Alexandra Rhim<br>15910 Ventura Blvd, 12th Floor<br>Encino, CA 91436 |
| John Strasheim<br>1138 Breckenridge Drive<br>Junction City, OR 97448 | |

Based on the Bankruptcy Court's Electronic Case Filing records, the following person(s) should be electronically served with notice of the filing of the attached document, when that document is filed with the Court.

- Christopher D. Crowell
- Susan S. Ford
- Nicholas J. Henderson
- Lance A. LeFever
- Margot D. Seitz
- Timothy D. Solomon
- Thomas W. Stilley
- Donald J. Churnside
- US Trustee - Eugene

DATED this 28th day of October, 2019.

GAYDOS, CHURNSIDE & BALTHROP, P.C.

By    /s/ Donald J. Churnside
      Donald J. Churnside, OSB #791876
      Proposed Attorneys for the Unsecured Creditors
      Creditors Committee

GAYDOS, CHURNSIDE & BALTHROP, P.C.
440 E. Broadway, Suite 300
P.O. Box 1499
Eugene, OR 97440
(541) 343-8060 ! FAX (541) 343-1599

Case 19-62049-tmr11   Doc 84   Filed 10/28/19