**Timothy A. Solomon**, OSB 072573
Direct: 971.634.0194
Email: tsolomon@LLG-LLC.com
**Justin D. Leonard**, OSB 033736
Direct: 971.634.0192
Email: jleonard@LLG-LLC.com
**Holly C. Hayman**, OSB 114146
Direct: 971.634.0193
Email: hhayman@LLG-LLC.com
**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
Fax: 971.634.0250

Counsel for Debtor and Debtor in Possession

Formatted: Footer distance from edge: 0.39"

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re<br><br>**4 Him Food Group, LLC,**<br><br>Debtor. | Case No. 19-62049-tmr11<br><br>**4 HIM FOOD GROUP, LLC'S FIRST AMENDED PLAN OF LIQUIDATION**<br><br>**(Dated May 20, 2020)** |
| --- | --- |

Deleted: March

Deleted: <object>

Deleted: March

**Page 1 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**
**(Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

<u>**Table of Contents**</u>

**ARTICLE 1. OVERVIEW ....3**

**ARTICLE 2. UNCLASSIFIED CLAIMS....4**

**ARTICLE 3. CLASSIFICATION OF CLAIMS AND INTERESTS....4**

**ARTICLE 4. TREATMENT OF CLASSES OF CLAIMS .... 6**

**ARTICLE 5. CLAIMS BAR DATES....7**

**ARTICLE 6. DISTRIBUTIONS ....8**

**ARTICLE 7. MEANS FOR IMPLEMENTATION AND EXECUTION OF PLAN .... 9**

**ARTICLE 8: PERFORMANCE OF OBLIGATIONS OF THE REORGANIZED DEBTOR .... 9**

**ARTICLE 9. PRESERVATION OF DEBTOR'S ACTIONS, AVOIDANCE ACTIONS, AND CLAIMS OBJECTIONS....10**

**ARTICLE 10. PROVISIONS GOVERNING DISTRIBUTIONS .... 11**

**ARTICLE 11. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES .... 13**

**ARTICLE 12. RETIREE BENEFITS .... 14**

**ARTICLE 13. CONDITIONS PRECEDENT.... 14**

**ARTICLE 14. DISCHARGE .... 14**

**ARTICLE 15. CLOSING OF THE CASE .... 15**

**ARTICLE 16. MISCELLANEOUS PROVISIONS .... 15**

Deleted: <object>

Deleted: March

**Page 2 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**

**(Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

4 Him Food Group, LLC (the "**Debtor**"), submits this First Amended Plan of Liquidation (the "**Plan**") pursuant to the provisions of chapter 11 of the Code.

**ALL CREDITORS ARE ENCOURAGED TO CONSULT THE DISCLOSURE STATEMENT BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN. THE DISCLOSURE STATEMENT CONTAINS A DISCUSSION OF THE DEBTOR'S PRE-PETITION ACTIVITIES AND A SUMMARY AND ANALYSIS OF THIS PLAN.**

## ARTICLE 1. OVERVIEW

1.1 **Definitions.** Any term used in an initially capitalized form in this Plan will have the defined meaning set forth in either section 101 of the Code or in the Glossary of Definitions attached hereto as **Exhibit A**. All defined terms in the Code and in Exhibit A will be subject to the rules of construction set forth in section 102 of the Code. Nothing contained in this Plan constitutes an admission or denial by any party of liability for, or the validity, priority, or extent of any Claim, lien, or security interest asserted against the Debtor or against any third party.

1.2 **Overall Structure of the Plan**

a) **Distribution of Sale Proceeds and Other Assets.** The Plan provides for the distribution of proceeds from the sale of substantially all assets of the Debtor (which occurred in December 2019), and all other assets of the Debtor, to holders of Administrative Claims, Priority Claims, Class 2 General Unsecured Claims, and Class 3 Unsecured Lender Claims. Holders of Administrative Claims and Priority Claims will be paid in full in cash on the Effective Date, and holders of Class 2 General Unsecured Claims will receive the remaining cash Pro Rata. In lieu of cash distributions, holders of Class 3 Unsecured Lender Claims will receive, Pro Rata, Cosmos Membership Interests.

b) **Rejection of All Executory Contracts.** The Plan provides for the rejection of any and all executory contracts of the Debtor and allowance of Claims related to the same.

c) **Resolution of Undetermined Claims**. The Plan provides a mechanism for the filing, allowance, and administration of certain undetermined Claims against the Debtor.

Deleted: <object>

Deleted: March

**Page 3 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION (Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

## ARTICLE 2. UNCLASSIFIED CLAIMS

In accordance with section 1123(a)(1) of the Code, Administrative Claims and Priority Claims have not been classified.

2.1 **Administrative Claims.** Each Allowed Administrative Claim that accrues on or before, but remains unpaid as of, the Effective Date shall be paid in full in Cash on the later of (i) the Effective Date, (ii) the date on which the Court enters an order allowing such Administrative Claim or as soon as practical thereafter, or (iii) the date upon which the Debtor and the holder of such an Allowed Administrative Claim otherwise agree. Administrative Claims representing indebtedness or other obligations incurred in the ordinary course of business shall be paid in the ordinary course of business and in accordance with any terms and conditions of any agreement or order relating thereto. Holders of Administrative Claims are not impaired by the Plan and are conclusively presumed to accept the Plan.

2.2 **Priority Tax Claims**. Priority Tax Claims will be paid in full on the latter of the Effective Date or the date on which any such Priority Tax Claims become Allowed. Holders of Priority Tax Claims are not impaired by the Plan and are conclusively presumed to accept the Plan.

2.3 **Non-Tax Priority Claims**. Non-Tax Priority Claims will be paid in full on the latter of the Effective Date or the date on which any such Non-Tax Priority Claims become Allowed. Holders of Non-Tax Priority Claims are not impaired by the Plan and are conclusively presumed to accept the Plan.

## ARTICLE 3. CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to section 1122 of the Code, Claims against and Interests in the Debtor are classified as provided below. Such Claims and Interests are placed in the following classes for all purposes. A Claim or Interest is classified in a particular class only to the extent the Claim or Interest qualifies within the description of that class; it is classified in a different class to the extent the Claim qualifies within the description of that different class. If a Claim or Interest is

Deleted: <object>

Deleted: March

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

acquired or transferred, the Claim or Interest will be placed in the class in which it would have been placed if it were owned by the original holder of such Claim or Interest. If a Claimant or Interest holder has more than one Claim or Interest in the same class, such Claims or Interests will be aggregated and treated as a single Claim or Interest. If a Claimant has Claims or Interests in different classes, such Claims or Interests will be aggregated only within the same classes (and not between classes).

3.1 **Secured Claims.**

3.1.1 **Class 1A – Lane County.**

Class 1A consists of the Allowed Secured Claim of Lane County (Proofs of Claim #46-51).

3.1.2 **Class 1B – Columbia State Bank.**

Class 1B consists of the Allowed Secured Claim of Columbia State Bank (Proofs of Claim #30-32).

3.1.3 **Class 1C – Celtic Capital Corporation.**

Class 1C consists of the Allowed Secured Claim of Celtic Capital Corporation (Proof of Claim #17).

3.1.4 **Class 1D – 2Loris LLC.**

Class 1D consists of the Allowed Secured Claim of 2 Loris LLC (Schedule D #2.1).

3.2 **Unsecured Creditors**

3.2.1 **Class 2 – General Unsecured Claims**

Class 2 consists of all Allowed Unsecured Claims other than Administrative Claims, Priority Claims, or Unsecured Lender Claims.

3.2.2 **Class 3 – Unsecured Lender Claims**

Class 3 consists of all Allowed Unsecured Lender Claims.

3.3 **Interests**

3.3.1 **Class 4 – Interests**

Class 4 consists of Interests held in the Debtor.

**Deleted:** *<object>*

**Deleted:** March

## ARTICLE 4. TREATMENT OF CLASSES OF CLAIMS

4.1 **Secured Claims**

4.1.1 **Class 1A – Lane County.**

Lane County is unimpaired as its Allowed Claim has been paid in full. No further distributions shall be made to this Class under the Plan. It is deemed to have accepted the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.1.2 **Class 1B – Columbia State Bank.**

Columbia State Bank is unimpaired as its Allowed Claim has been paid in an agreed-upon amount. No further distributions shall be made to this Class under the Plan. It is deemed to have accepted the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.1.3 **Class 1C – Celtic Capital Corporation.**

Celtic Capital Corporation is unimpaired as its Allowed Claim has been paid in an agreed-upon amount. No further distributions shall be made to this Class under the Plan. It is deemed to have accepted the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.1.4 **Class 1D – 2Loris LLC.**

2 Loris LLC is unimpaired as its Allowed Claim has been paid in an agreed-upon amount. No further distributions shall be made to this Class under the Plan. It is deemed to have accepted the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.2 **Unsecured Claims.**

4.2.1 **Class 2 – General Unsecured Claims**

Class 2 is impaired and Holders of Allowed Class 2 Claims are entitled to vote in favor of or against the Plan. Holders of Allowed Class 2 Claims will be paid in two (2) installments. The anticipated schedule of distributions is as follows:

| Estimated Date of Distribution | Estimated Total Amount of Distribution to Class 2 |
|---|---|
| August 1, 2020 | $200,000 |
| December 15, 2020 | $65,000 |

Deleted: June

Deleted: <object>

Deleted: March

Distributions shall be made Pro Rata among holders of Class 2 Claims. The Debtor shall have the discretion to make such distributions at an earlier time than the schedule outlined above.

**Notwithstanding the treatment set forth above, any holder of an Allowed Class 2 Claim may elect to be treated instead as a holder of an Allowed Class 3 Claim.**

4.2.2 **Class 3 – Unsecured Lender Claims**

Class 3 is impaired and Holders of Allowed Class 3 Claims are entitled to vote in favor of or against the Plan. On the Effective Date or as soon as reasonably practicable thereafter, holders of Allowed Class 3 Claims will receive Cosmos Membership Interests. Distributions of such interests shall be made Pro Rata among Class 3 Creditors.

**Notwithstanding the treatment set forth above, any holder of an Allowed Class 3 Claim other than John Strasheim may elect to be treated instead as a holder of an Allowed Class 2 Claim.**

4.3 **Class 4 – Interests**

Class 4 is impaired. The membership interests of all holders of membership interests in the Debtor shall be deemed extinguished without further action by the Debtor upon the Effective Date. Class 4 is deemed to have rejected the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.4 **Confirmation Notwithstanding Rejection by a Class.** In the event one or more Classes of Claims or Interests does not vote to accept this Plan in accordance with section 1129(a) of the Code, the Debtor will request that the Court confirm this Plan in accordance with section 1129(b) of the Code.

## ARTICLE 5. CLAIMS BAR DATES.

5.1 **Administrative Claims Bar Date.** All requests for payment of Administrative Claims, except post-petition obligations to Creditors (other than professionals) incurred in the ordinary course of business, must be served and filed with the Bankruptcy Court no later than thirty (30) days after the Effective Date. Any such Claim that is not served and filed within this

Deleted: <object>

Deleted: March

**Page 7 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION (Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

time period will be forever barred. Any Claims for fees, costs, and expenses incurred by any Chapter 11 professional after the Effective Date will be treated as part of the fees and expenses of the Debtor and need not be submitted to the Bankruptcy Court for approval except as set forth in Section 16.5 of this Plan (addressing post-confirmation professional fees and expenses). After approval of the final fee applications of the Chapter 11 professionals by the Bankruptcy Court for services provided and costs incurred during the course of administration of the Case prior to the Effective Date, the Chapter 11 professionals will not be required to submit any further fee applications to the Bankruptcy Court.

5.2 **Claims Objection Bar Date.** The date by which the Debtor or any interested party must file objections to Claims, shall be the first Business Day after 120 days after the Effective Date. Objections to Claims not filed by the Claims Objection Bar Date shall be deemed waived.

**ARTICLE 6. DISTRIBUTIONS.**

6.1 **Cash Payments and Distribution of Interests**. At the times provided in this Plan, the Reorganized Debtor will make Cash payments or distributions of Cosmos Membership Interests to holders of Allowed Claims. In the case of any Claims subject to a pending objection, the Reorganized Debtor will make payments or distributions of membership interests to holders of such Claims based on the allowed amount of such Claims, if any, within 30 days after the date a Final Order or Orders resolving the objections.

6.2 **Unclaimed Property**. If a distribution on a Claim remains unclaimed for a period of one hundred and twenty (120) days after it has been delivered (or attempted to be delivered), then such unclaimed distribution shall be forfeited and any such Claim shall be deemed disallowed in full.

6.3 **Withholding Taxes**. Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law with respect to any wage claims shall be

Deleted: <object>

Deleted: March

deducted from distributions hereunder. Each entity holding a Claim shall be required to provide any information necessary to effect the withholding of such taxes.

## ARTICLE 7. MEANS FOR IMPLEMENTATION AND EXECUTION OF PLAN.

7.1 **Distribution of Net Sale Proceeds.** As authorized pursuant to the Court's Order Approving Sale Free and Clear of Liens, Claims, Interests and Encumbrances (Dkt. 93), the Debtor sold substantially all of its assets to Juanita's Snacks, LLC on or about December 5, 2019. The net proceeds of the sale, after payment of taxes, secured claims, and United States Trustee fees, were approximately $273,774.79. In addition, Juanita's Snacks, LLC agreed to pay an additional (a) $100,000 to the Debtor or its designee on or before May 1, 2020 (which amount was in fact paid in May 2020), and (b) $75,000 to the Reorganized Debtor or its designee on or before December 1, 2020. Counsel to the Debtor is also holding approximately $20,000 in retainer funds, which funds are property of the estate. The Reorganized Debtor shall distribute these amounts (net of additional United States Trustee fees and other operating costs paid since the closing of the sale) as provided for in the Plan.

7.2 **Distribution of Membership Interests in Cosmos Holdings, LLC**. The Reorganized Debtor shall distribute membership interests in Cosmos Holdings, LLC as provided for in the Plan**.**

7.3 **No Ongoing Business Operations.** The Debtor has ceased operating as a business entity. The Reorganized Debtor's only remaining business shall be to perform its duties under this Plan and wind up the Case.

## ARTICLE 8: PERFORMANCE OF OBLIGATIONS OF THE REORGANIZED DEBTOR

8.1 **Duties of Reorganized Debtor.** The Reorganized Debtor shall be, and is, authorized to (a) make distributions of Cash and Cosmos Membership Interests pursuant to this Plan, (b) resolve Claims as set forth in Section 8.2, below, and (c) take appropriate actions in connection with the Plan within the scope of the Reorganized Debtor's duties and powers set

Deleted: has

Deleted: ,

Deleted: <object>

Deleted: March

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

forth herein. The Reorganized Debtor shall file monthly operating reports as necessary during the post-confirmation period.

8.2 **Settlement or Abandonment of Claims.** To the extent the Reorganized Debtor has not taken such actions before the Effective Date, the Reorganized Debtor shall be authorized to:

(a) Review all Claims filed against the Estate, or scheduled by the Debtor in the schedules filed under Bankruptcy Rule 1007, even if any such Claim is not scheduled by the Debtor as "disputed," "unliquidated," or "contingent" and, if advisable, object to and/or settle such Claims; and

(b) In the exercise of its business judgment, investigate, prosecute, settle, or dismiss all Debtor Actions and Avoidance Actions not otherwise resolved prior to confirmation or under this Plan.

8.3 **Corporate Action.** Upon the Effective Date, all actions contemplated by the Plan shall be authorized and approved in all respects (subject to the provisions of the Plan), including, without limitation, the execution, delivery, and performance of all documents and agreements relating to the Plan. On the Effective Date, the Reorganized Debtor is authorized and directed to execute and deliver the agreements, documents, and instruments contemplated by the Plan and Disclosure Statement in the name of and on behalf of the Reorganized Debtor.

8.4 **Winding Up Affairs.** On the final Distribution Date, the Reorganized Debtor shall, without the need for any action by or order from the Bankruptcy Court, disburse any Cash not distributed pursuant to this Plan to the State of Oregon, Department of State Lands for holding and administration as unclaimed funds pursuant to Oregon Revised Statutes, Chapter 98.

## ARTICLE 9. PRESERVATION OF DEBTOR'S ACTIONS, AVOIDANCE ACTIONS, AND CLAIMS OBJECTIONS.

Unless resolved in this Plan or otherwise resolved prior to the Confirmation Date, all Debtor Actions, Avoidance Actions, objections to Claims, and Claims of whatever kind or nature, whether based under tort, contract, statute, under law or in equity, or otherwise, including

Deleted: <object>

Deleted: March

without limitation defenses, setoffs, and offsets, arising in favor of the Debtor or the Reorganized Debtor are preserved and survive the confirmation of the Plan, and are not waived, but instead are expressly reserved for later adjudication. The Reorganized Debtor shall retain all Debtor Actions free and clear of any claims or interests.

No preclusion doctrine, including without limitation the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), or laches shall apply as a result of the confirmation of this Plan to any or all such Debtor Actions, Avoidance Actions, or objections to Claims (or motions to reclassify and/or subordinate Claims) on or after the Effective Date or the consummation of this Plan.

## ARTICLE 10. PROVISIONS GOVERNING DISTRIBUTIONS.

10.1 **Distribution Only to Holders of Allowed Claims**. Except as otherwise provided in this Section 10.1, distributions under this Plan will be made only to the holders of Allowed Claims. Until a Disputed Claim becomes an Allowed Claim, the holder of that Disputed Claim will not receive any distribution otherwise provided to the Claimants under this Plan or the Plan Documents.

In determining the amounts of distributions due to the holders of Allowed Claims, the Reorganized Debtor will make the calculation as if all Unresolved Claims were Allowed Claims in the full amount claimed or in the Estimated Amount of such Claims. The Reorganized Debtor may reserve in a separate bank account Cash in an amount sufficient to make full distributions to holders of Unresolved Claims as if such Unresolved Claims were allowed in full. When an Unresolved Claim in any class becomes an Allowed Claim, the Reorganized Debtor will make a distribution with respect to such Allowed Claim, together with any allowable interest accrued on the amount of such distribution to the date thereof, net of any setoff contemplated by the order, if any, allowing such Claim and/or any required withholding of federal and state taxes pursuant to the procedures set forth in the Plan.

Deleted: <object>

Deleted: March

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

10.2 **Transmittal of Distributions**. Except as otherwise provided in this Plan, in the Plan Documents, or in an order of the Court, distributions to be made under this Plan or the Plan Documents to Claimants holding Allowed Claims will, in each case, be made by the Reorganized Debtor by first class United States mail, postage prepaid, (a) to the latest mailing address set forth in a proof of claim filed with the Court by or on behalf of such Claimant, or to such other address as may be provided to the Debtor by such Claimant in writing, or (b) if no such proof of claim has been filed and no written notice setting forth a mailing address is provided by or on behalf of such Claimant to the Reorganized Debtor to the mailing address set forth in the schedules filed by the Debtor in this Case. If a Claimant's distribution is returned to the Reorganized Debtor because of the absence of a proper mailing address, the Reorganized Debtor shall, upon return of the distribution, make a reasonable search to attempt to ascertain the correct mailing address for such Claimant, which shall be the Reorganized Debtor's sole obligation to locate a correct mailing address of a creditor with an Allowed Claim whose distribution has been returned.

10.3 **Timing of Distributions**. Unless otherwise agreed by the Reorganized Debtor and the Claimant entitled to a distribution under the Plan or the Plan Documents, whenever any payment to be made is due on a day other than a Business Day, such payment will instead be made on the next Business Day.

10.4 **Form of Distributions**. Unless otherwise agreed by the Reorganized Debtor and the Claimant entitled to a distribution under the Plan or the Plan Documents, all Cash payments to be made by the Reorganized Debtor pursuant to this Plan or the Plan Documents will be made, at the option of the Reorganized Debtor, by a check or wire transfer.

10.5 **Professional Fees or Expenses**. Except as otherwise specified in this Plan, professional fees and expenses incurred prior to the Effective Date will be paid only as Allowed by Final Order of the Court.

//

**Deleted:** *<object>*

**Deleted:** March

**Page 12 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**
**(Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

## ARTICLE 11. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

11.1 **General; Rejected if Not Assumed**. Subject to the requirements of section 365 of the Code, to the extent not already assumed by order of the Court or subject to a pending motion for assumption, all executory contracts and unexpired leases of the Debtor will be deemed rejected by the Debtor on the Effective Date.

If any party to an executory contract or unexpired lease that is being rejected objects to such assumption or rejection, the Court may conduct a hearing on such objection on any date that is either mutually agreeable to the parties or fixed by the Court. All payments to cure defaults that may be required under section 365(b)(1) of the Code will be made by the Reorganized Debtor. In the event of a dispute regarding the amount of any such payments, or the ability of the Reorganized Debtor to provide adequate assurance of future performance, the Reorganized Debtor will make any payments required by section 365(b)(1) of the Code after the entry of the Final Order resolving such dispute.

Notwithstanding anything to the contrary, any claims, defenses, offsets, setoffs, counterclaims, are expressly reserved, and any and all rights the Debtor may have with respect to any executory contract that is either assumed or rejected shall survive the Effective Date and consummation of the Plan and are expressly reserved. No preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), or laches shall apply to any or all such any claims, defenses, offsets, setoffs, counterclaims, defaults, and rights of the Debtor or Reorganized Debtor.

11.2 **Claims for Contract Rejection**. Proofs of claim with respect to the rejection of an executory contract or unexpired lease must be filed within 30 days after the Effective Date or such Claims will be forever barred.

//

//

Deleted: <object>

Deleted: March

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

## ARTICLE 12. RETIREE BENEFITS.

The Debtor has no retiree benefit plan, fund or program, as defined in section 1114 of the Code.

## ARTICLE 13. CONDITIONS PRECEDENT.

13.1 **Conditions to Effectiveness**. The Effective Date will not occur and the Plan will not become effective unless and until each of the following conditions have been satisfied or waived in accordance with this Plan:

(a) the Court shall have entered the Confirmation Order in form and substance reasonably acceptable to the Debtor;

(b) the Confirmation Order shall be a Final Order;

(c) the Debtor has sufficient funds to make the payments due on the Effective Date; and

(d) no stay of the Confirmation Order shall be in effect.

13.2 **Waiver of Conditions**. Any condition set forth in Section 13.1 of this Plan may be waived by the Debtor.

## ARTICLE 14. DISCHARGE.

Except as otherwise provided in this Plan or the Confirmation Order, entry of the Confirmation Order acts as a discharge, effective as of the Effective Date, of any and all debts, obligations, liabilities and claims, whether contingent or otherwise, of the Debtor or Debtor that arose at any time before the Effective Date, and all principal and any and all interest accrued thereon, pursuant to section 1141(d)(1) of the Code. The discharge of the Debtor shall be effective as to each Claim, regardless of whether a proof of Claim thereof was filed, whether or not the Claim is an Allowed Claim, or whether the holder thereof voted to accept the Plan. Except as otherwise expressly provided herein, on the Effective Date, all property and assets of

Deleted: (b

Deleted: c

Deleted: <object>

Deleted: March

the estate of Debtor shall revest in the Reorganized Debtor, free and clear of all claims, liens encumbrances, charges, and other Interests of Creditors arising on or before the Effective Date.

## ARTICLE 15. CLOSING OF THE CASE.

As soon as practicable after the Effective Date, and when the Reorganized Debtor deems appropriate, the Reorganized Debtor shall seek authority from the Court to close this Case in accordance with the Code and the Bankruptcy Rules; provided, however, that entry of a final decree closing the Case shall, whether or not specified therein, be without prejudice to the right of the Reorganized Debtor or other party in interest to seek to reopen the Case for any matter over which the Court has retained jurisdiction under this Plan. Any order closing the Case will provide that the Court (i) will retain jurisdiction to enforce, by injunctive relief or otherwise, the Confirmation Order, any other orders entered in this Case, and the rights and obligations created by this Plan and the Plan Documents; and (ii) will retain all other jurisdiction and authority granted to it under this Plan and the Plan Documents.

## ARTICLE 16. MISCELLANEOUS PROVISIONS.

16.1 **Retention of Jurisdiction**. Notwithstanding entry of the Confirmation Order or the occurrence of the Effective Date, the Court will retain jurisdiction over all matters arising under, in furtherance of, or in connection with this Plan and the Plan Documents.

16.1.1 **Exclusive Jurisdiction**

The matters over which the Court shall retain exclusive jurisdiction shall include, but are not limited to:

(a) determine any Unresolved Claims or Interests;

(b) determine the Estimated Amount of any Claim or Interest;

(c) determine requests for payment of Claims entitled to priority under section 507 of the Code, including compensation of and reimbursement of expenses of parties entitled thereto;

Deleted: <object>

Deleted: March

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

(d) resolve controversies and disputes regarding the modification, interpretation, and implementation of this Plan and the Plan Documents;

(e) enter orders in aid of this Plan and the Plan Documents;

(f) modify this Plan;

(g) adjudicate any disputes regarding post-confirmation compensation of the Debtor's professionals pursuant to Section 16.5 of this Plan;

(h) determine any and all applications, adversary proceedings, and contested or litigated matters, including Avoidance Actions and Debtor Actions;

(i) determine any and all pending motions for the assumption or rejection of executory contracts or leases, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(j) determine such other matters as may be provided in the Confirmation Order or as may be authorized under the Code; and

(k) enter a Final Order closing the Case.

16.1.2 **Non-Exclusive Jurisdiction**

Following the Effective Date, the Bankruptcy Court will retain non-exclusive jurisdiction of the Chapter 11 Case for the following purposes:

(a) to recover all assets of Debtor, wherever located;

(b) to hear and determine any motions or contested matters involving taxes, tax refunds, tax attributes and tax benefits, and similar or related matters with respect to Debtor or its estate, arising prior to the Effective Date or relating to the period of administration of the Chapter 11 Case, including, without limitation, matters concerning state, local, and federal taxes in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code; and

(c) to hear any other matter not inconsistent with the Bankruptcy Code.

16.2 **Modification of Plan**. The Debtor reserves the right, in accordance with the Code, to amend, modify, or withdraw this Plan prior to the entry of the Confirmation Order.

Deleted: <object>

Deleted: March

After the entry of the Confirmation Order, the Debtor may, upon order, amend or modify this Plan in accordance with section 1127(b) of the Code.

16.3 **Failure of Effective Date**. In the event that the Effective Date does not occur, nothing in this Plan shall be binding on the Debtor, the Estate, or any other party, or otherwise be of any force or effect.

16.4 **Severability**. In the event of a successful collateral attack on any provision of this Plan (*i.e.*, an attack other than through a direct appeal of the Confirmation Order), the remaining provisions of this Plan will remain binding on the Debtor, all Claimants, all Creditors, and all other parties in interest, provided, however, that in the event of a successful collateral attack on the Reorganized Debtor's obligations to make distributions to Creditors, nothing in this Plan shall be binding on the Reorganized Debtor, the Estate or any other party, or otherwise be of any force or effect.

16.5 **Post-Confirmation Professional Fees and Expenses**. Except as set forth herein, the fees of Estate professionals arising after confirmation of the Plan will be paid in the ordinary course of business without the need for approval of the Court. Professionals retained by the Estate shall receive compensation from the Estate at their standard hourly rates applicable during the Case, and shall be reimbursed for their reasonable expenses incurred in fulfilling the Reorganized Debtor's post-confirmation duties under the Plan. Before receiving any post-confirmation compensation, Estate professionals shall provide notice and a statement of fees and expenses to any party requesting such notice. The notice shall provide that such compensation will be paid unless a notice party notifies the Reorganized Debtor within 10 calendar days that such party objects to the proposed compensation. In the event a notice party objects, the objection must identify the amount objected to and the specific services objected to so that the undisputed portion can be paid. In the event such an objection is timely received, the professional will be paid only the undisputed portion of the fees or disbursements pursuant to the procedures set forth herein. The Reorganized Debtor will attempt in good faith to resolve any objections to

Deleted: <object>

Deleted: March

**Page 17 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**
**(Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

compensation. To the extent any objection cannot be consensually resolved by the parties, the Reorganized Debtor will request that the Bankruptcy Court adjudicate the dispute.

16.6 **Headings**. The headings of the Sections of this Plan are inserted for convenience only and will not affect the interpretation hereof.

16.7 **Computation of Time Periods**. In computing any period of time prescribed or allowed by this Plan, the day of the act, event, or default from which a designated period of time begins to run will not be included. The last day of the period so computed will be included so long as it is a Business Day. When the period of time prescribed or allowed is less than 11 days, any day that is not a Business Day will be excluded in the computation.

16.8 **Notices**. All notices or requests to the Debtor or Reorganized Debtor in connection with this Plan shall be in writing and served either by (i) United States mail, postage prepaid, (ii) hand delivery, or (iii) overnight delivery service, all charges prepaid, as follows:

4 Him Food Group, LLC
c/o Leonard Law Group LLC
Attn: Timothy A. Solomon
1 SW Columbia, Ste. 1010
Portland, OR 97204

and:

4 Him Food Group, LLC
Attn: John Strasheim
395 E. 1st Ave
Junction City, OR 97448

All notices and requests to a person or entity holding any Claim or Interest will be sent to them at their last known address or, in the case of a Creditor that filed a proof of claim in the Case, to the address on such proof of claim. Any person or entity entitled to receive notice under this Plan will have the obligation to provide the Debtor with such person's or entity's current address for notice purposes. The Debtor will not have any obligation to attempt to locate a more current

Deleted: <object>

Deleted: March

address in the event any notice proves to be undeliverable to the most recent address which has been provided to the Debtor.

16.9 **Post-Confirmation Court Approval**. Any action requiring Court approval after the Effective Date will require the person or entity seeking such approval to file an application, motion, or other request with the Court and obtain a Final Order approving such action before the requested action may be taken. The person or entity filing such application, motion, or other request shall serve such application, motion, or other request, together with a notice setting forth the time in which objections must be filed with the Court, on the Reorganized Debtor and other affected parties by first-class mail, overnight courier, or hand delivery. Unless the Court orders otherwise, all notices shall provide the recipients at least 20 days (plus 3 days if served by mail) in which to file an objection to the application, motion, or other request. If no objection is timely filed, the Court may authorize the proposed action without further notice or a hearing. If an objection is timely filed, the Court will determine whether to conduct a hearing, or to require the submission of further documentation, prior to ruling on the application, motion, or other request.

16.10 **Election Pursuant to Section 1129(b) of the Code**. The Debtor shall request confirmation of the Plan pursuant to section 1129(b) of the Code if the requirements of all provisions of section 1129(a) of the Code, except section (a)(8) thereof, are met with regard to the Plan. In determining whether the requirements of section 1129(a)(8) of the Code have been met, any Class that does not contain as an element thereof an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018 as of the date fixed by the Court for filing acceptances or rejections of this Plan shall be deemed deleted from this Plan for purposes of voting to accept or reject this Plan and for purposes of determining acceptance or rejection of this Plan by such Class.

16.11 **Consummation of the Plan**. The Debtor reserves the right to request that the Confirmation Order include (i) a finding by the Court that the Bankruptcy Rule 3020(e) stay shall

Deleted: <object>

Deleted: March

not apply to the Confirmation Order, and (ii) the Court's authorization for the Debtor to consummate the Plan immediately after entry of the Confirmation Order.

16.12 **Exemption from Transfer Taxes**. Pursuant to section 1146(a) of the Code, the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with this Plan, whether occurring prior or subsequent to the Confirmation Date, including any deeds, bills of sale, stock transfer, or assignments executed in connection with any disposition of assets contemplated by this Plan, shall not be subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or other similar tax.

16.13 **Exemption from Securities Laws**. The Reorganized Debtor shall distribute Cosmos Membership Interests pursuant to this Plan without further act or action under applicable law, regulation, order, or rule. The distribution of the Cosmos Membership Interests and the distribution thereof under this Plan shall be exempt from registration under applicable securities laws pursuant to section 1145(a) of the Bankruptcy Code. Without limiting the effect of section 1145 of the Bankruptcy Code, all documents, agreements, and instruments entered into on or as of the Effective Date contemplated by or in furtherance of this Plan shall become effective and binding in accordance with their respective terms and conditions upon the parties thereto.

16.14 **Bylaws, Articles of Organization, and Other Corporate Documents**. The Debtor is authorized to modify, amend, or restate the Debtor's Bylaws, Articles of Organization, or other corporate documents as necessary or desirable in the exercise of the Debtor's business judgment and in accordance with applicable law to implement the Plan provisions herein, and to thereafter cause the same to be filed with the Secretary of State of the State of Oregon.

16.15 **Waivers**. Except as otherwise provided in the Plan or in the Confirmation Order, any term of the Plan may be waived by the party benefited by the term to be waived.

16.16 **Setoffs, Recoupments, and Defenses**. Nothing contained in the Plan shall constitute a waiver or release by the Debtor or Reorganized Debtor of any rights of setoff or

Deleted: <object>

Deleted: March

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

recoupment, or of any defense, such parties may have or be entitled to assert with respect to any Claim (including, without limitation, rights under section 502(d)) of the Code. Except as otherwise provided in the Plan or in the Confirmation Order or in agreements previously approved by a Final Order, the Reorganized Debtor may, but will not be required to, consistent with Section 10.1 hereof, withhold from any distribution with respect to such Claim any and all of the claims, rights, and causes of action of any nature that the Reorganized Debtor may hold against the holder of such Claim; provided, however, that neither the failure to withhold such a payment, the allowance of any Claim, the payment of any distribution hereunder or any other action or omission of the Reorganized Debtor, as the case may be, nor any provision of the Plan, shall constitute a waiver or release by the Reorganized Debtor of any such claims, rights, and causes of action that the Reorganized Debtor may possess against such holder.

16.17 **Compromise of Controversies**. In consideration for the classification, distributions, and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan. The entry of the Confirmation Order shall constitute the Court's approval of each of the compromises and settlements provided for in the Plan, and the Court's findings shall constitute its determination under the standards of Bankruptcy Rule 9019 that such compromises and settlements are in the best interests of the Debtor and its Estate. The Debtor expressly reserves the right (with Court approval, following appropriate notice and opportunity for a hearing) to compromise and settle Claims and Debtor Actions up to and including the Effective Date. After the Effective Date, the Reorganized Debtor shall be authorized to compromise and settle other Claims and Debtor Actions without Court approval.

16.18 **Utility Deposits**. All utilities holding a Utility Deposit shall immediately after the Effective Date return or refund such Utility Deposit to the Reorganized Debtor. At the sole option of the Reorganized Debtor, any Utility Deposit that has not been refunded may be applied

Deleted: <object>

Deleted: March

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

in satisfaction of payments due or to become due from the Reorganized Debtor to a utility holding such Utility Deposit.

16.19 **Withdrawal or Revocation of the Plan**. The Debtor reserves the right to revoke or withdraw the Plan prior to substantial consummation of the Plan. If the Plan is revoked or withdrawn, or if the Confirmation Date does not occur, or if the Effective Date does not occur within ninety days of entry of the Confirmation Order, the Plan shall have no force and effect and in such event nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor or the Estate or any other Person or Entity, or to prejudice in any other manner the rights of the Debtor or any other entity in further proceedings involving the Debtor and specifically shall not modify or affect the rights of any party under any prior orders of the Court.

16.20 **Default**. Except as otherwise provided in the Plan or in the Confirmation Order, in the event the Debtor or Reorganized Debtor shall default in the performance of any of their obligations under the Plan or under any of the Plan Documents and shall not have cured such a default within any cure period (or, if no cure period is specified in the Plan or Plan Documents or in any instrument issued to or retained by a Claimant under the Plan under which such default occurred, then within 30 days after receipt of written notice of default), then the entity to whom the performance is due may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim.

16.21 **Payment of United States Trustee Fees**. All fees payable pursuant to 28 U.S.C. § 1930 shall be paid on the Effective Date. All quarterly fees due to the United States Trustee pursuant to 28 USC § 1930(a), including fees due for any partial quarter, accruing after the Effective Date shall be paid by the Reorganized Debtors as and when they become due and will be based on the Reorganized Debtors' total disbursements, including ordinary course of business disbursements (if any) as well as disbursements made to Claimants under this Plan. Such fee

Deleted: <object>

Deleted: March

obligations will not terminate until this Case is converted or dismissed, or until this Case is no longer pending upon entry of a Final Order closing this Case, whichever first occurs, and all United States Trustee fees, including any such fees accrued in any partial quarter, shall be paid as a condition precedent prior to entry of an order closing the case. After the Effective Date, the Reorganized Debtors shall file with the Court a post-confirmation monthly financial report for each month, or portion thereof, that the case is open or during any period of time that the case is reopened. The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the Plan. All United States Trustee fees, including any such fees accrued in any partial quarter, shall also be paid before the response deadline as a condition precedent prior to entry of a Final Decree.

16.22 ***De Minimis* Distributions.** No distribution of less than $20.00 shall be required to be made to any holder of an Allowed Claim or Allowed Interest and all such funds shall revert to the Reorganized Debtor.

16.23 **Governing Law**. Except to the extent that federal law (including the Code or Bankruptcy Rules) is otherwise controlling, the rights and obligations arising under the Plan or under the Plan Documents shall be governed by and construed and enforced in accordance with the laws of the state of Oregon without giving effect to the principles of conflicts of laws thereof.

16.24 **Reservation of Rights**. If the Plan is not confirmed by a Final Order, or if the Plan is confirmed and the Effective Date does not occur within 90 days of entry of the Confirmation Order, the rights of all parties in interest in the Case are and will be reserved in full. Any concessions or settlements reflected herein, if any, are made for purposes of the Plan only, and if the Plan does not become effective, no party in interest in the Case shall be bound or deemed prejudiced by any such concession or settlement.

16.25 **Plan Controls**. To the extent any provision of the Plan Documents is inconsistent with this Plan, the provisions of the Plan shall control.

Deleted: <object>

Deleted: March

16.26 **Successors and Assigns.** On and after the Confirmation Date, the provisions of the Plan and the Confirmation Order shall bind each holder of a Claim or Interest, and each of their respective successors, heirs, legal representatives, and assigns, whether or not the Claim or Interest holder is impaired under the Plan and whether or not such holder has filed a proof of claim with the Bankruptcy Court or has accepted the Plan.

16.27 **Exhibits**. All exhibits to this Plan are incorporated into and are a part of this Plan as if set forth in full herein.

16.28 **Recordable Order.** The Confirmation Order shall be deemed to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

Dated this 20th day of May, 2020

4 HIM FOOD GROUP, LLC

By: /s/ John Strasheim
John Strasheim, CEO

Approved as to form:

LEONARD LAW GROUP LLC

By: /s/ Timothy A. Solomon
Justin D. Leonard, OSB 033736
Timothy A. Solomon, OSB No. 072573
Attorneys for Debtor in Possession

Formatted: Superscript

Deleted: March

Deleted:

Deleted:

Deleted: <object>

Deleted: March

**EXHIBIT A**

**GLOSSARY OF DEFINITIONS**

1. **"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in section 503(b) of the Code and referred to in section 507(a)(2) of the Code including the actual, necessary costs and expenses of preserving the Debtor's estate and operating the Debtor's business, including current obligations, compensation for professional services and reimbursement of expenses awarded under sections 330(a) or 331 of the Code, and all fees and charges assessed against the Debtor's estate under Chapter 123 of Title 28, United States Code.

2. **"Administrative Claimant"** means a Person or Entity asserting an Administrative Claim.

3. **"Allowance Date"** means, with respect to a Claim, the date such Claim becomes Allowed.

4. **"Allowed"** means, with respect to a Claim, the extent to which: (a) the Claim is agreed to by the Claimant and the Debtor against whom the Claim is asserted; (b) the Claim is expressly allowed in this Plan; or (c) proof of such Claim was (i) timely filed with the Court, (ii) deemed filed pursuant to section 1111(a) of the Code, or (iii) tardily filed with leave of the Court, and, in any case, as to which the Claim is not Disputed or the Claim is Disputed and is allowed by a Final Order.

5. **"Avoidance Actions"** means actions or potential actions under sections 544 through 550 of the Code inclusive, regardless of whether or not such actions are actually filed.

6. **"Ballot"** means the ballot that is used by a Creditor to accept or reject the Plan.

7. **"Bankruptcy Rules"** means the Rules and Forms of Practice and Procedures in Bankruptcy promulgated under 28 U.S.C. § 2075, as amended, and the local rules and general orders of the Court, as to Chapter 11 cases, together with all amendments and modifications from time to time thereto.

Deleted: <object>

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

**8.** **"Business Day"** means any day other than Saturday, Sunday, or a "legal holiday," as that term is defined in Bankruptcy Rule 9006(a).

**9.** **"Case"** means the case identified in the caption above commenced under Chapter 11 of the Code on July 2, 2019.

**10.** **"Cash"** means check or wire transfer.

**11.** **"Claim"** means any claim, as that term is defined in section 101(5) of the Code, arising on or before the Confirmation Date.

**12.** **"Claimant"** means a Creditor that asserts a Claim.

**13.** **"Code"** means the Bankruptcy Reform Act of 1978, principally codified in 11 U.S.C. § 101, *et seq.*, and any amendments thereto.

**14.** **"Confirmation Date"** means the date of the entry of the Confirmation Order.

**15.** **"Confirmation Order"** means the order confirming this Plan.

**16.** **"Cosmos Membership Interests"** means membership interests (totaling 100% of such interests) in Cosmos Holdings, LLC, an Oregon Limited Liability Company that is an affiliate of the Debtor and that holds a 20% profit participation interest in Juanita's Snacks, LLC.

**17.** **"Court"** means the United States Bankruptcy Court for the District of Oregon or any other United States Court having jurisdiction over the Case or matters arising therein as may be applicable.

**18.** **"Creditor"** means any creditor, as that term is defined in section 101(10) of the Code.

**19.** **"Debtor"** means 4 Him Food Group, LLC, dba Cosmos Creations.

**20.** **"Debtor Actions"** means any and all claims, causes of action, and enforceable rights of the Debtor against any parties including, without limitation, Claims of the Debtor for recovery of, or based upon, or in any manner arising from or related to damages, general or exemplary (or both), or other relief relating to (or based upon) (a) indebtedness owing to the Debtor; (b) fraud, negligence, gross negligence, willful misconduct, or any other tort actions; (c)

Deleted: <*object*>

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

breach or breaches of contract; (d) violations of federal or state laws (including corporate and securities laws); (e) breach or breaches of fiduciary or agency duties; (f) disregard of the corporate form or piercing the corporate veil or other liability theories; (g) filing proofs of claim and complaints under sections 523 and 727 of the Code, or otherwise, against any Entity that may by liable to the Debtor or the Debtor under any theory under law, equity, or otherwise, (h) rights of offset, setoff, and recoupment, and (i) any other Claim of the Debtor.

**21.** **"Disallowed"** means, with respect to any Claim, the extent to which the Claim has been disallowed pursuant to (a) a Final Order, (b) an agreement between the Claimant and the Debtor or the Debtor, or (c) the terms of the Plan.

**22.** **"Disclosure Statement"** means the Disclosure Statement regarding this Plan, including all exhibits and schedules attached thereto and referenced therein prepared by the Debtor pursuant to section 1125 of the Code and approved by the Court, as such Disclosure Statement may be amended and modified from time to time.

**23.** **"Disputed"** means, with respect to a Claim, that an objection to such Claim has been timely filed as provided in this Plan, or such Claim is listed as disputed in the Debtor's schedules filed with the Court, and such objection or dispute has not been resolved by Final Order, or by agreement between the Claimant and the Debtor or Debtor.

**24.** **"Effective Date"** means the first Business Day on which all conditions to effectiveness specified in the Plan have been satisfied or waived.

**25.** **"Estate"** means the bankruptcy estate of the Debtor as created under section 541 of the Code.

**26.** **"Estimated Amount"** means the amount at which the Court, pursuant to 28 USC § 157(b)(2)(B), section 502(c) of the Code, or Bankruptcy Rule 3018(a), as the case may be, estimates any Claim or class of Claims that is Contingent, unliquidated, or disputed, for the purpose of (a) allowance, (b) distribution, (c) confirming this Plan pursuant to section 1129 of the

Deleted: <object>

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

Code, (d) voting to accept or reject this Plan pursuant to section 1126 of the Code, or (e) for any other purpose.

**27.** **"Final Order"** means an order, judgment, ruling, or decree of the Court as to which (a) any appeal that has been taken has been finally determined or dismissed and the time to take any further appeal, or to seek certiorari, further reargument or rehearing, has expired or been waived in writing, or (b) the time to take an appeal has expired and no appeal has been timely filed.

**28.** **"Insider"** means any entity defined in section 101(31) of the Code.

**29.** **"Non-Tax Priority Claim"** means any Claim which, if Allowed, would be entitled to priority under section 507(a)(1) through (7) of the Code.

**30.** **"Petition Date"** means July 2, 2019.

**31.** **"Plan"** means this Plan of Reorganization and any and all modifications and/or amendments thereto.

**32.** **"Plan Documents"** means all agreements, documents, and exhibits as the same may be amended, modified, supplemented, or restated from time to time, that are necessary or appropriate to implement, authorize, consummate, and operate the Plan.

**33.** **"Priority Tax Claim"** means any Claim that, if Allowed, would be entitled to a priority in payment under section 507(a)(8) of the Code.

**34.** **"Reorganized Debtor"** means the Debtor on and after the Effective Date.

**35.** **"Secured Claim"** means any Claim, including interest, fees, and charges as determined pursuant to section 506(b) of the Code, against a Debtor that is (a) secured in whole or in part as of the Petition Date by a lien on any of the assets or property of such Debtor, which lien is valid, perfected, and enforceable under applicable law and is not subject to avoidance under the Code or non-bankruptcy law, but only to the extent of the value of the assets or property securing any such Claim; or (b) subject to setoff under section 553 of the Code, but only to the extent of the amount subject to such setoff.

Deleted: <*object*>

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

36. **"Temporarily Allowed"** means temporarily Allowed for any purpose other than distribution on a Claim, pursuant to Bankruptcy Rule 3018(a) or otherwise.

37. **"Unresolved"** means, with respect to a Claim, a Disputed Claim that has not been Allowed or Disallowed for distribution purposes.

38. **"Unsecured Lender Claims"** means any claims for money loaned to the Debtor pursuant to promissory notes. A schedule of the holders of Unsecured Lender Claims is attached as **Exhibit B** to the Disclosure Statement.

Deleted: <object>

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**4 Him Food Group, LLC,**<br><br>Debtor. | Case No. 19-62049-tmr11<br><br>BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION DATED MAY 20, 2020 |

Deleted: EXHIBIT C – FORM OF BALLOT¶
¶

Deleted: MARCH

**BALLOT**

4 Him Food Group, LLC, the Debtor in the above-referenced bankruptcy case (the "**Debtor**"), is soliciting votes on the its First Amended Plan of Liquidation dated May 20, 2020 (the "**Plan**").

Deleted: March

If you hold an allowed Claim in more than one Class that is entitled to vote on the Plan, you must complete and return a separate Ballot for each Class in which you hold a Claim. You should carefully review the Plan and the accompanying Disclosure Statement regarding the Plan before completing this Ballot. You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**This Ballot does not constitute a proof of claim and may not be used to file a claim or to increase any amount listed in the Debtor's Schedules. For your vote to count, this Ballot, containing an original signature, must be completed and received by no later than 5:00 p.m. Pacific Time on Thursday, June 25, 2020.**

Deleted: , ______ __,

1. The Undersigned (fill out only **one** option):

   a. Is a member of Class 2 (a trade creditor of the Debtor) and has a Claim in the amount of $____________.

   b. Is a member of Class 3 (loaned money to the Debtor) and has a Claim in the amount of $____________.

2. The Undersigned (fill out only **one** option):

   ______ Accepts the Plan ______ Rejects the Plan

3. The Undersigned (**optional**, fill out one option only if applicable):

   ______ Is a member of Class 2 and elects to be treated as a member of Class 3 for distribution purposes (i.e. to receive membership interests in Cosmos Holdings, LLC in lieu of cash)

   ______ Is a member of Class 3 and elects to be treated as a member of Class 2 for distribution purposes (i.e. to receive cash in lieu of membership interests in Cosmos Holdings, LLC)

Deleted: EXHIBIT C – FORM OF

Formatted: Centered

Case 19-62049-tmr11 Doc 112 Filed 05/20/20

Dated May 20, 2020.

Deleted: ______ __,

___________________________________
Print or Type Name and Title (if applicable)

___________________________________
Signature

___________________________________
Name and Address of Creditor

**PLEASE RETURN THIS BALLOT TO:**
Timothy A. Solomon, counsel to Debtor
c/o Leonard Law Group, LLC
1 SW Columbia, Suite 1010
Portland, OR 97204
Telephone: (971) 634-0190

**For your vote to count, this Ballot, containing an original signature, must be received on or before 5:00 p.m. Pacific Time on June 25, 2020**

Deleted: _____ __,

**4 HIM FOOD GROUP LLC – PLAN BALLOT**

Deleted: EXHIBIT C – FORM OF

Formatted: Centered

**Timothy A. Solomon**, OSB 072573
Direct: 971.634.0194
Email: tsolomon@LLG-LLC.com
**Justin D. Leonard**, OSB 033736
Direct: 971.634.0192
Email: jleonard@LLG-LLC.com
**Holly C. Hayman**, OSB 114146
Direct: 971.634.0193
Email: hhayman@LLG-LLC.com
**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
Fax: 971.634.0250

Counsel for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re<br><br>**4 Him Food Group, LLC,**<br><br>Debtor. | Case No. 19-62049-tmr11<br><br>**4 HIM FOOD GROUP, LLC'S FIRST AMENDED PLAN OF LIQUIDATION**<br><br>**(Dated May 20, 2020)** |
|---|---|

**Page 1 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**
**(Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

## Table of Contents

ARTICLE 1. OVERVIEW ........................................3
ARTICLE 2. UNCLASSIFIED CLAIMS ........................................4
ARTICLE 3. CLASSIFICATION OF CLAIMS AND INTERESTS ........................................4
ARTICLE 4. TREATMENT OF CLASSES OF CLAIMS ........................................6
ARTICLE 5. CLAIMS BAR DATES ........................................7
ARTICLE 6. DISTRIBUTIONS ........................................8
ARTICLE 7. MEANS FOR IMPLEMENTATION AND EXECUTION OF PLAN ........................................9
ARTICLE 8: PERFORMANCE OF OBLIGATIONS OF THE REORGANIZED DEBTOR ........................................9
ARTICLE 9. PRESERVATION OF DEBTOR'S ACTIONS, AVOIDANCE ACTIONS, AND CLAIMS OBJECTIONS. ........................................10
ARTICLE 10. PROVISIONS GOVERNING DISTRIBUTIONS ........................................11
ARTICLE 11. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ........................................13
ARTICLE 12. RETIREE BENEFITS ........................................14
ARTICLE 13. CONDITIONS PRECEDENT ........................................14
ARTICLE 14. DISCHARGE ........................................14
ARTICLE 15. CLOSING OF THE CASE ........................................15
ARTICLE 16. MISCELLANEOUS PROVISIONS ........................................15

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

4 Him Food Group, LLC (the "**Debtor**"), submits this First Amended Plan of Liquidation (the "**Plan**") pursuant to the provisions of chapter 11 of the Code.

**ALL CREDITORS ARE ENCOURAGED TO CONSULT THE DISCLOSURE STATEMENT BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN. THE DISCLOSURE STATEMENT CONTAINS A DISCUSSION OF THE DEBTOR'S PRE-PETITION ACTIVITIES AND A SUMMARY AND ANALYSIS OF THIS PLAN.**

## ARTICLE 1.  OVERVIEW

1.1     **Definitions.** Any term used in an initially capitalized form in this Plan will have the defined meaning set forth in either section 101 of the Code or in the Glossary of Definitions attached hereto as **Exhibit A**. All defined terms in the Code and in Exhibit A will be subject to the rules of construction set forth in section 102 of the Code. Nothing contained in this Plan constitutes an admission or denial by any party of liability for, or the validity, priority, or extent of any Claim, lien, or security interest asserted against the Debtor or against any third party.

1.2     **Overall Structure of the Plan**

a)     **Distribution of Sale Proceeds and Other Assets.**  The Plan provides for the distribution of proceeds from the sale of substantially all assets of the Debtor (which occurred in December 2019), and all other assets of the Debtor, to holders of Administrative Claims, Priority Claims, Class 2 General Unsecured Claims, and Class 3 Unsecured Lender Claims. Holders of Administrative Claims and Priority Claims will be paid in full in cash on the Effective Date, and holders of Class 2 General Unsecured Claims will receive the remaining cash Pro Rata. In lieu of cash distributions, holders of Class 3 Unsecured Lender Claims will receive, Pro Rata, Cosmos Membership Interests.

b)     **Rejection of All Executory Contracts.** The Plan provides for the rejection of any and all executory contracts of the Debtor and allowance of Claims related to the same.

c)     **Resolution of Undetermined Claims**. The Plan provides a mechanism for the filing, allowance, and administration of certain undetermined Claims against the Debtor.

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

## ARTICLE 2. UNCLASSIFIED CLAIMS

In accordance with section 1123(a)(1) of the Code, Administrative Claims and Priority Claims have not been classified.

2.1 **Administrative Claims.** Each Allowed Administrative Claim that accrues on or before, but remains unpaid as of, the Effective Date shall be paid in full in Cash on the later of (i) the Effective Date, (ii) the date on which the Court enters an order allowing such Administrative Claim or as soon as practical thereafter, or (iii) the date upon which the Debtor and the holder of such an Allowed Administrative Claim otherwise agree. Administrative Claims representing indebtedness or other obligations incurred in the ordinary course of business shall be paid in the ordinary course of business and in accordance with any terms and conditions of any agreement or order relating thereto. Holders of Administrative Claims are not impaired by the Plan and are conclusively presumed to accept the Plan.

2.2 **Priority Tax Claims**. Priority Tax Claims will be paid in full on the latter of the Effective Date or the date on which any such Priority Tax Claims become Allowed. Holders of Priority Tax Claims are not impaired by the Plan and are conclusively presumed to accept the Plan.

2.3 **Non-Tax Priority Claims**. Non-Tax Priority Claims will be paid in full on the latter of the Effective Date or the date on which any such Non-Tax Priority Claims become Allowed. Holders of Non-Tax Priority Claims are not impaired by the Plan and are conclusively presumed to accept the Plan.

## ARTICLE 3. CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to section 1122 of the Code, Claims against and Interests in the Debtor are classified as provided below. Such Claims and Interests are placed in the following classes for all purposes. A Claim or Interest is classified in a particular class only to the extent the Claim or Interest qualifies within the description of that class; it is classified in a different class to the extent the Claim qualifies within the description of that different class. If a Claim or Interest is

acquired or transferred, the Claim or Interest will be placed in the class in which it would have been placed if it were owned by the original holder of such Claim or Interest. If a Claimant or Interest holder has more than one Claim or Interest in the same class, such Claims or Interests will be aggregated and treated as a single Claim or Interest. If a Claimant has Claims or Interests in different classes, such Claims or Interests will be aggregated only within the same classes (and not between classes).

3.1 **Secured Claims.**

3.1.1 **Class 1A – Lane County.**

Class 1A consists of the Allowed Secured Claim of Lane County (Proofs of Claim #46-51).

3.1.2 **Class 1B – Columbia State Bank.**

Class 1B consists of the Allowed Secured Claim of Columbia State Bank (Proofs of Claim #30-32).

3.1.3 **Class 1C – Celtic Capital Corporation.**

Class 1C consists of the Allowed Secured Claim of Celtic Capital Corporation (Proof of Claim #17).

3.1.4 **Class 1D – 2Loris LLC.**

Class 1D consists of the Allowed Secured Claim of 2 Loris LLC (Schedule D #2.1).

3.2 **Unsecured Creditors**

3.2.1 **Class 2 – General Unsecured Claims**

Class 2 consists of all Allowed Unsecured Claims other than Administrative Claims, Priority Claims, or Unsecured Lender Claims.

3.2.2 **Class 3 – Unsecured Lender Claims**

Class 3 consists of all Allowed Unsecured Lender Claims.

3.3 **Interests**

3.3.1 **Class 4 – Interests**

Class 4 consists of Interests held in the Debtor.

## ARTICLE 4. TREATMENT OF CLASSES OF CLAIMS

4.1 **Secured Claims**

4.1.1 **Class 1A – Lane County.**

Lane County is unimpaired as its Allowed Claim has been paid in full. No further distributions shall be made to this Class under the Plan. It is deemed to have accepted the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.1.2 **Class 1B – Columbia State Bank.**

Columbia State Bank is unimpaired as its Allowed Claim has been paid in an agreed-upon amount. No further distributions shall be made to this Class under the Plan. It is deemed to have accepted the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.1.3 **Class 1C – Celtic Capital Corporation.**

Celtic Capital Corporation is unimpaired as its Allowed Claim has been paid in an agreed-upon amount. No further distributions shall be made to this Class under the Plan. It is deemed to have accepted the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.1.4 **Class 1D – 2Loris LLC.**

2 Loris LLC is unimpaired as its Allowed Claim has been paid in an agreed-upon amount. No further distributions shall be made to this Class under the Plan. It is deemed to have accepted the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.2 **Unsecured Claims.**

4.2.1 **Class 2 – General Unsecured Claims**

Class 2 is impaired and Holders of Allowed Class 2 Claims are entitled to vote in favor of or against the Plan. Holders of Allowed Class 2 Claims will be paid in two (2) installments. The anticipated schedule of distributions is as follows:

| Estimated Date of Distribution | Estimated Total Amount of Distribution to Class 2 |
|---|---|
| August 1, 2020 | $200,000 |
| December 15, 2020 | $65,000 |

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

Distributions shall be made Pro Rata among holders of Class 2 Claims. The Debtor shall have the discretion to make such distributions at an earlier time than the schedule outlined above.

**Notwithstanding the treatment set forth above, any holder of an Allowed Class 2 Claim may elect to be treated instead as a holder of an Allowed Class 3 Claim.**

4.2.2 **Class 3 – Unsecured Lender Claims**

Class 3 is impaired and Holders of Allowed Class 3 Claims are entitled to vote in favor of or against the Plan. On the Effective Date or as soon as reasonably practicable thereafter, holders of Allowed Class 3 Claims will receive Cosmos Membership Interests. Distributions of such interests shall be made Pro Rata among Class 3 Creditors.

**Notwithstanding the treatment set forth above, any holder of an Allowed Class 3 Claim other than John Strasheim may elect to be treated instead as a holder of an Allowed Class 2 Claim.**

4.3 **Class 4 – Interests**

Class 4 is impaired. The membership interests of all holders of membership interests in the Debtor shall be deemed extinguished without further action by the Debtor upon the Effective Date. Class 4 is deemed to have rejected the Plan, and therefore not subject to a vote in favor of or against the Plan.

4.4 **Confirmation Notwithstanding Rejection by a Class**. In the event one or more Classes of Claims or Interests does not vote to accept this Plan in accordance with section 1129(a) of the Code, the Debtor will request that the Court confirm this Plan in accordance with section 1129(b) of the Code.

## ARTICLE 5. CLAIMS BAR DATES.

5.1 **Administrative Claims Bar Date.** All requests for payment of Administrative Claims, except post-petition obligations to Creditors (other than professionals) incurred in the ordinary course of business, must be served and filed with the Bankruptcy Court no later than thirty (30) days after the Effective Date. Any such Claim that is not served and filed within this

time period will be forever barred. Any Claims for fees, costs, and expenses incurred by any Chapter 11 professional after the Effective Date will be treated as part of the fees and expenses of the Debtor and need not be submitted to the Bankruptcy Court for approval except as set forth in Section 16.5 of this Plan (addressing post-confirmation professional fees and expenses). After approval of the final fee applications of the Chapter 11 professionals by the Bankruptcy Court for services provided and costs incurred during the course of administration of the Case prior to the Effective Date, the Chapter 11 professionals will not be required to submit any further fee applications to the Bankruptcy Court.

5.2 **Claims Objection Bar Date.** The date by which the Debtor or any interested party must file objections to Claims, shall be the first Business Day after 120 days after the Effective Date. Objections to Claims not filed by the Claims Objection Bar Date shall be deemed waived.

## ARTICLE 6. DISTRIBUTIONS.

6.1 **Cash Payments and Distribution of Interests**. At the times provided in this Plan, the Reorganized Debtor will make Cash payments or distributions of Cosmos Membership Interests to holders of Allowed Claims. In the case of any Claims subject to a pending objection, the Reorganized Debtor will make payments or distributions of membership interests to holders of such Claims based on the allowed amount of such Claims, if any, within 30 days after the date a Final Order or Orders resolving the objections.

6.2 **Unclaimed Property**. If a distribution on a Claim remains unclaimed for a period of one hundred and twenty (120) days after it has been delivered (or attempted to be delivered), then such unclaimed distribution shall be forfeited and any such Claim shall be deemed disallowed in full.

6.3 **Withholding Taxes**. Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law with respect to any wage claims shall be

deducted from distributions hereunder. Each entity holding a Claim shall be required to provide any information necessary to effect the withholding of such taxes.

## ARTICLE 7. MEANS FOR IMPLEMENTATION AND EXECUTION OF PLAN.

7.1 **Distribution of Net Sale Proceeds.** As authorized pursuant to the Court's Order Approving Sale Free and Clear of Liens, Claims, Interests and Encumbrances (Dkt. 93), the Debtor sold substantially all of its assets to Juanita's Snacks, LLC on or about December 5, 2019. The net proceeds of the sale, after payment of taxes, secured claims, and United States Trustee fees, were approximately $273,774.79. In addition, Juanita's Snacks, LLC agreed to pay an additional (a) $100,000 to the Debtor or its designee on or before May 1, 2020 (which amount was in fact paid in May 2020), and (b) $75,000 to the Reorganized Debtor or its designee on or before December 1, 2020. Counsel to the Debtor is also holding approximately $20,000 in retainer funds, which funds are property of the estate. The Reorganized Debtor shall distribute these amounts (net of additional United States Trustee fees and other operating costs paid since the closing of the sale) as provided for in the Plan.

7.2 **Distribution of Membership Interests in Cosmos Holdings, LLC**. The Reorganized Debtor shall distribute membership interests in Cosmos Holdings, LLC as provided for in the Plan.

7.3 **No Ongoing Business Operations.** The Debtor has ceased operating as a business entity. The Reorganized Debtor's only remaining business shall be to perform its duties under this Plan and wind up the Case.

## ARTICLE 8: PERFORMANCE OF OBLIGATIONS OF THE REORGANIZED DEBTOR

8.1 **Duties of Reorganized Debtor.** The Reorganized Debtor shall be, and is, authorized to (a) make distributions of Cash and Cosmos Membership Interests pursuant to this Plan, (b) resolve Claims as set forth in Section 8.2, below, and (c) take appropriate actions in connection with the Plan within the scope of the Reorganized Debtor's duties and powers set

forth herein. The Reorganized Debtor shall file monthly operating reports as necessary during the post-confirmation period.

8.2 **Settlement or Abandonment of Claims.** To the extent the Reorganized Debtor has not taken such actions before the Effective Date, the Reorganized Debtor shall be authorized to:

(a) Review all Claims filed against the Estate, or scheduled by the Debtor in the schedules filed under Bankruptcy Rule 1007, even if any such Claim is not scheduled by the Debtor as "disputed," "unliquidated," or "contingent" and, if advisable, object to and/or settle such Claims; and

(b) In the exercise of its business judgment, investigate, prosecute, settle, or dismiss all Debtor Actions and Avoidance Actions not otherwise resolved prior to confirmation or under this Plan.

8.3 **Corporate Action.** Upon the Effective Date, all actions contemplated by the Plan shall be authorized and approved in all respects (subject to the provisions of the Plan), including, without limitation, the execution, delivery, and performance of all documents and agreements relating to the Plan. On the Effective Date, the Reorganized Debtor is authorized and directed to execute and deliver the agreements, documents, and instruments contemplated by the Plan and Disclosure Statement in the name of and on behalf of the Reorganized Debtor.

8.4 **Winding Up Affairs.** On the final Distribution Date, the Reorganized Debtor shall, without the need for any action by or order from the Bankruptcy Court, disburse any Cash not distributed pursuant to this Plan to the State of Oregon, Department of State Lands for holding and administration as unclaimed funds pursuant to Oregon Revised Statutes, Chapter 98.

## ARTICLE 9.  PRESERVATION OF DEBTOR'S ACTIONS, AVOIDANCE ACTIONS, AND CLAIMS OBJECTIONS.

Unless resolved in this Plan or otherwise resolved prior to the Confirmation Date, all Debtor Actions, Avoidance Actions, objections to Claims, and Claims of whatever kind or nature, whether based under tort, contract, statute, under law or in equity, or otherwise, including

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

without limitation defenses, setoffs, and offsets, arising in favor of the Debtor or the Reorganized Debtor are preserved and survive the confirmation of the Plan, and are not waived, but instead are expressly reserved for later adjudication. The Reorganized Debtor shall retain all Debtor Actions free and clear of any claims or interests.

No preclusion doctrine, including without limitation the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), or laches shall apply as a result of the confirmation of this Plan to any or all such Debtor Actions, Avoidance Actions, or objections to Claims (or motions to reclassify and/or subordinate Claims) on or after the Effective Date or the consummation of this Plan.

## ARTICLE 10.   PROVISIONS GOVERNING DISTRIBUTIONS.

10.1   **Distribution Only to Holders of Allowed Claims**.  Except as otherwise provided in this Section 10.1, distributions under this Plan will be made only to the holders of Allowed Claims. Until a Disputed Claim becomes an Allowed Claim, the holder of that Disputed Claim will not receive any distribution otherwise provided to the Claimants under this Plan or the Plan Documents.

In determining the amounts of distributions due to the holders of Allowed Claims, the Reorganized Debtor will make the calculation as if all Unresolved Claims were Allowed Claims in the full amount claimed or in the Estimated Amount of such Claims. The Reorganized Debtor may reserve in a separate bank account Cash in an amount sufficient to make full distributions to holders of Unresolved Claims as if such Unresolved Claims were allowed in full. When an Unresolved Claim in any class becomes an Allowed Claim, the Reorganized Debtor will make a distribution with respect to such Allowed Claim, together with any allowable interest accrued on the amount of such distribution to the date thereof, net of any setoff contemplated by the order, if any, allowing such Claim and/or any required withholding of federal and state taxes pursuant to the procedures set forth in the Plan.

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

10.2 **Transmittal of Distributions**. Except as otherwise provided in this Plan, in the Plan Documents, or in an order of the Court, distributions to be made under this Plan or the Plan Documents to Claimants holding Allowed Claims will, in each case, be made by the Reorganized Debtor by first class United States mail, postage prepaid, (a) to the latest mailing address set forth in a proof of claim filed with the Court by or on behalf of such Claimant, or to such other address as may be provided to the Debtor by such Claimant in writing, or (b) if no such proof of claim has been filed and no written notice setting forth a mailing address is provided by or on behalf of such Claimant to the Reorganized Debtor to the mailing address set forth in the schedules filed by the Debtor in this Case. If a Claimant's distribution is returned to the Reorganized Debtor because of the absence of a proper mailing address, the Reorganized Debtor shall, upon return of the distribution, make a reasonable search to attempt to ascertain the correct mailing address for such Claimant, which shall be the Reorganized Debtor's sole obligation to locate a correct mailing address of a creditor with an Allowed Claim whose distribution has been returned.

10.3 **Timing of Distributions**. Unless otherwise agreed by the Reorganized Debtor and the Claimant entitled to a distribution under the Plan or the Plan Documents, whenever any payment to be made is due on a day other than a Business Day, such payment will instead be made on the next Business Day.

10.4 **Form of Distributions**. Unless otherwise agreed by the Reorganized Debtor and the Claimant entitled to a distribution under the Plan or the Plan Documents, all Cash payments to be made by the Reorganized Debtor pursuant to this Plan or the Plan Documents will be made, at the option of the Reorganized Debtor, by a check or wire transfer.

10.5 **Professional Fees or Expenses**. Except as otherwise specified in this Plan, professional fees and expenses incurred prior to the Effective Date will be paid only as Allowed by Final Order of the Court.

//

**Page 12 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**

**(Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

## ARTICLE 11. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

11.1 **General; Rejected if Not Assumed**. Subject to the requirements of section 365 of the Code, to the extent not already assumed by order of the Court or subject to a pending motion for assumption, all executory contracts and unexpired leases of the Debtor will be deemed rejected by the Debtor on the Effective Date.

If any party to an executory contract or unexpired lease that is being rejected objects to such assumption or rejection, the Court may conduct a hearing on such objection on any date that is either mutually agreeable to the parties or fixed by the Court. All payments to cure defaults that may be required under section 365(b)(1) of the Code will be made by the Reorganized Debtor. In the event of a dispute regarding the amount of any such payments, or the ability of the Reorganized Debtor to provide adequate assurance of future performance, the Reorganized Debtor will make any payments required by section 365(b)(1) of the Code after the entry of the Final Order resolving such dispute.

Notwithstanding anything to the contrary, any claims, defenses, offsets, setoffs, counterclaims, are expressly reserved, and any and all rights the Debtor may have with respect to any executory contract that is either assumed or rejected shall survive the Effective Date and consummation of the Plan and are expressly reserved. No preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), or laches shall apply to any or all such any claims, defenses, offsets, setoffs, counterclaims, defaults, and rights of the Debtor or Reorganized Debtor.

11.2 **Claims for Contract Rejection**. Proofs of claim with respect to the rejection of an executory contract or unexpired lease must be filed within 30 days after the Effective Date or such Claims will be forever barred.

//

//

**Page 13 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**
**(Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

## ARTICLE 12. RETIREE BENEFITS.

The Debtor has no retiree benefit plan, fund or program, as defined in section 1114 of the Code.

## ARTICLE 13. CONDITIONS PRECEDENT.

13.1 **Conditions to Effectiveness**. The Effective Date will not occur and the Plan will not become effective unless and until each of the following conditions have been satisfied or waived in accordance with this Plan:

(a) the Court shall have entered the Confirmation Order in form and substance reasonably acceptable to the Debtor;

(b) the Confirmation Order shall be a Final Order;

(c) the Debtor has sufficient funds to make the payments due on the Effective Date; and

(d) no stay of the Confirmation Order shall be in effect.

13.2 **Waiver of Conditions**. Any condition set forth in Section 13.1 of this Plan may be waived by the Debtor.

## ARTICLE 14. DISCHARGE.

Except as otherwise provided in this Plan or the Confirmation Order, entry of the Confirmation Order acts as a discharge, effective as of the Effective Date, of any and all debts, obligations, liabilities and claims, whether contingent or otherwise, of the Debtor or Debtor that arose at any time before the Effective Date, and all principal and any and all interest accrued thereon, pursuant to section 1141(d)(1) of the Code. The discharge of the Debtor shall be effective as to each Claim, regardless of whether a proof of Claim thereof was filed, whether or not the Claim is an Allowed Claim, or whether the holder thereof voted to accept the Plan. Except as otherwise expressly provided herein, on the Effective Date, all property and assets of

**Page 14 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**

**(Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

the estate of Debtor shall revest in the Reorganized Debtor, free and clear of all claims, liens encumbrances, charges, and other Interests of Creditors arising on or before the Effective Date.

## ARTICLE 15. CLOSING OF THE CASE.

As soon as practicable after the Effective Date, and when the Reorganized Debtor deems appropriate, the Reorganized Debtor shall seek authority from the Court to close this Case in accordance with the Code and the Bankruptcy Rules; provided, however, that entry of a final decree closing the Case shall, whether or not specified therein, be without prejudice to the right of the Reorganized Debtor or other party in interest to seek to reopen the Case for any matter over which the Court has retained jurisdiction under this Plan. Any order closing the Case will provide that the Court (i) will retain jurisdiction to enforce, by injunctive relief or otherwise, the Confirmation Order, any other orders entered in this Case, and the rights and obligations created by this Plan and the Plan Documents; and (ii) will retain all other jurisdiction and authority granted to it under this Plan and the Plan Documents.

## ARTICLE 16. MISCELLANEOUS PROVISIONS.

16.1 **Retention of Jurisdiction**. Notwithstanding entry of the Confirmation Order or the occurrence of the Effective Date, the Court will retain jurisdiction over all matters arising under, in furtherance of, or in connection with this Plan and the Plan Documents.

16.1.1 **Exclusive Jurisdiction**

The matters over which the Court shall retain exclusive jurisdiction shall include, but are not limited to:

(a) determine any Unresolved Claims or Interests;

(b) determine the Estimated Amount of any Claim or Interest;

(c) determine requests for payment of Claims entitled to priority under section 507 of the Code, including compensation of and reimbursement of expenses of parties entitled thereto;

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

(d) resolve controversies and disputes regarding the modification, interpretation, and implementation of this Plan and the Plan Documents;

(e) enter orders in aid of this Plan and the Plan Documents;

(f) modify this Plan;

(g) adjudicate any disputes regarding post-confirmation compensation of the Debtor's professionals pursuant to Section 16.5 of this Plan;

(h) determine any and all applications, adversary proceedings, and contested or litigated matters, including Avoidance Actions and Debtor Actions;

(i) determine any and all pending motions for the assumption or rejection of executory contracts or leases, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(j) determine such other matters as may be provided in the Confirmation Order or as may be authorized under the Code; and

(k) enter a Final Order closing the Case.

16.1.2 **Non-Exclusive Jurisdiction**

Following the Effective Date, the Bankruptcy Court will retain non-exclusive jurisdiction of the Chapter 11 Case for the following purposes:

(a) to recover all assets of Debtor, wherever located;

(b) to hear and determine any motions or contested matters involving taxes, tax refunds, tax attributes and tax benefits, and similar or related matters with respect to Debtor or its estate, arising prior to the Effective Date or relating to the period of administration of the Chapter 11 Case, including, without limitation, matters concerning state, local, and federal taxes in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code; and

(c) to hear any other matter not inconsistent with the Bankruptcy Code.

16.2 **Modification of Plan**. The Debtor reserves the right, in accordance with the Code, to amend, modify, or withdraw this Plan prior to the entry of the Confirmation Order.

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

After the entry of the Confirmation Order, the Debtor may, upon order, amend or modify this Plan in accordance with section 1127(b) of the Code.

16.3 **Failure of Effective Date**. In the event that the Effective Date does not occur, nothing in this Plan shall be binding on the Debtor, the Estate, or any other party, or otherwise be of any force or effect.

16.4 **Severability**. In the event of a successful collateral attack on any provision of this Plan (*i.e.*, an attack other than through a direct appeal of the Confirmation Order), the remaining provisions of this Plan will remain binding on the Debtor, all Claimants, all Creditors, and all other parties in interest, provided, however, that in the event of a successful collateral attack on the Reorganized Debtor's obligations to make distributions to Creditors, nothing in this Plan shall be binding on the Reorganized Debtor, the Estate or any other party, or otherwise be of any force or effect.

16.5 **Post-Confirmation Professional Fees and Expenses**. Except as set forth herein, the fees of Estate professionals arising after confirmation of the Plan will be paid in the ordinary course of business without the need for approval of the Court. Professionals retained by the Estate shall receive compensation from the Estate at their standard hourly rates applicable during the Case, and shall be reimbursed for their reasonable expenses incurred in fulfilling the Reorganized Debtor's post-confirmation duties under the Plan. Before receiving any post-confirmation compensation, Estate professionals shall provide notice and a statement of fees and expenses to any party requesting such notice. The notice shall provide that such compensation will be paid unless a notice party notifies the Reorganized Debtor within 10 calendar days that such party objects to the proposed compensation. In the event a notice party objects, the objection must identify the amount objected to and the specific services objected to so that the undisputed portion can be paid. In the event such an objection is timely received, the professional will be paid only the undisputed portion of the fees or disbursements pursuant to the procedures set forth herein. The Reorganized Debtor will attempt in good faith to resolve any objections to

compensation. To the extent any objection cannot be consensually resolved by the parties, the Reorganized Debtor will request that the Bankruptcy Court adjudicate the dispute.

16.6 **Headings**. The headings of the Sections of this Plan are inserted for convenience only and will not affect the interpretation hereof.

16.7 **Computation of Time Periods**. In computing any period of time prescribed or allowed by this Plan, the day of the act, event, or default from which a designated period of time begins to run will not be included. The last day of the period so computed will be included so long as it is a Business Day. When the period of time prescribed or allowed is less than 11 days, any day that is not a Business Day will be excluded in the computation.

16.8 **Notices**. All notices or requests to the Debtor or Reorganized Debtor in connection with this Plan shall be in writing and served either by (i) United States mail, postage prepaid, (ii) hand delivery, or (iii) overnight delivery service, all charges prepaid, as follows:

4 Him Food Group, LLC<br>
c/o Leonard Law Group LLC<br>
Attn: Timothy A. Solomon<br>
1 SW Columbia, Ste. 1010<br>
Portland, OR 97204

and:

4 Him Food Group, LLC<br>
Attn: John Strasheim<br>
395 E. 1st Ave<br>
Junction City, OR 97448

All notices and requests to a person or entity holding any Claim or Interest will be sent to them at their last known address or, in the case of a Creditor that filed a proof of claim in the Case, to the address on such proof of claim. Any person or entity entitled to receive notice under this Plan will have the obligation to provide the Debtor with such person's or entity's current address for notice purposes. The Debtor will not have any obligation to attempt to locate a more current

**Page 18 of 24 – DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**
**(Dated May 20, 2020)**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

address in the event any notice proves to be undeliverable to the most recent address which has been provided to the Debtor.

16.9 **Post-Confirmation Court Approval**. Any action requiring Court approval after the Effective Date will require the person or entity seeking such approval to file an application, motion, or other request with the Court and obtain a Final Order approving such action before the requested action may be taken. The person or entity filing such application, motion, or other request shall serve such application, motion, or other request, together with a notice setting forth the time in which objections must be filed with the Court, on the Reorganized Debtor and other affected parties by first-class mail, overnight courier, or hand delivery. Unless the Court orders otherwise, all notices shall provide the recipients at least 20 days (plus 3 days if served by mail) in which to file an objection to the application, motion, or other request. If no objection is timely filed, the Court may authorize the proposed action without further notice or a hearing. If an objection is timely filed, the Court will determine whether to conduct a hearing, or to require the submission of further documentation, prior to ruling on the application, motion, or other request.

16.10 **Election Pursuant to Section 1129(b) of the Code**. The Debtor shall request confirmation of the Plan pursuant to section 1129(b) of the Code if the requirements of all provisions of section 1129(a) of the Code, except section (a)(8) thereof, are met with regard to the Plan. In determining whether the requirements of section 1129(a)(8) of the Code have been met, any Class that does not contain as an element thereof an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018 as of the date fixed by the Court for filing acceptances or rejections of this Plan shall be deemed deleted from this Plan for purposes of voting to accept or reject this Plan and for purposes of determining acceptance or rejection of this Plan by such Class.

16.11 **Consummation of the Plan**. The Debtor reserves the right to request that the Confirmation Order include (i) a finding by the Court that the Bankruptcy Rule 3020(e) stay shall

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

not apply to the Confirmation Order, and (ii) the Court's authorization for the Debtor to consummate the Plan immediately after entry of the Confirmation Order.

16.12 **Exemption from Transfer Taxes**. Pursuant to section 1146(a) of the Code, the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with this Plan, whether occurring prior or subsequent to the Confirmation Date, including any deeds, bills of sale, stock transfer, or assignments executed in connection with any disposition of assets contemplated by this Plan, shall not be subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or other similar tax.

16.13 **Exemption from Securities Laws**. The Reorganized Debtor shall distribute Cosmos Membership Interests pursuant to this Plan without further act or action under applicable law, regulation, order, or rule. The distribution of the Cosmos Membership Interests and the distribution thereof under this Plan shall be exempt from registration under applicable securities laws pursuant to section 1145(a) of the Bankruptcy Code. Without limiting the effect of section 1145 of the Bankruptcy Code, all documents, agreements, and instruments entered into on or as of the Effective Date contemplated by or in furtherance of this Plan shall become effective and binding in accordance with their respective terms and conditions upon the parties thereto.

16.14 **Bylaws, Articles of Organization, and Other Corporate Documents**. The Debtor is authorized to modify, amend, or restate the Debtor's Bylaws, Articles of Organization, or other corporate documents as necessary or desirable in the exercise of the Debtor's business judgment and in accordance with applicable law to implement the Plan provisions herein, and to thereafter cause the same to be filed with the Secretary of State of the State of Oregon.

16.15 **Waivers**. Except as otherwise provided in the Plan or in the Confirmation Order, any term of the Plan may be waived by the party benefited by the term to be waived.

16.16 **Setoffs, Recoupments, and Defenses**. Nothing contained in the Plan shall constitute a waiver or release by the Debtor or Reorganized Debtor of any rights of setoff or

recoupment, or of any defense, such parties may have or be entitled to assert with respect to any Claim (including, without limitation, rights under section 502(d)) of the Code. Except as otherwise provided in the Plan or in the Confirmation Order or in agreements previously approved by a Final Order, the Reorganized Debtor may, but will not be required to, consistent with Section 10.1 hereof, withhold from any distribution with respect to such Claim any and all of the claims, rights, and causes of action of any nature that the Reorganized Debtor may hold against the holder of such Claim; provided, however, that neither the failure to withhold such a payment, the allowance of any Claim, the payment of any distribution hereunder or any other action or omission of the Reorganized Debtor, as the case may be, nor any provision of the Plan, shall constitute a waiver or release by the Reorganized Debtor of any such claims, rights, and causes of action that the Reorganized Debtor may possess against such holder.

16.17 **Compromise of Controversies**. In consideration for the classification, distributions, and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan. The entry of the Confirmation Order shall constitute the Court's approval of each of the compromises and settlements provided for in the Plan, and the Court's findings shall constitute its determination under the standards of Bankruptcy Rule 9019 that such compromises and settlements are in the best interests of the Debtor and its Estate. The Debtor expressly reserves the right (with Court approval, following appropriate notice and opportunity for a hearing) to compromise and settle Claims and Debtor Actions up to and including the Effective Date. After the Effective Date, the Reorganized Debtor shall be authorized to compromise and settle other Claims and Debtor Actions without Court approval.

16.18 **Utility Deposits**. All utilities holding a Utility Deposit shall immediately after the Effective Date return or refund such Utility Deposit to the Reorganized Debtor. At the sole option of the Reorganized Debtor, any Utility Deposit that has not been refunded may be applied

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

in satisfaction of payments due or to become due from the Reorganized Debtor to a utility holding such Utility Deposit.

16.19 **Withdrawal or Revocation of the Plan**. The Debtor reserves the right to revoke or withdraw the Plan prior to substantial consummation of the Plan. If the Plan is revoked or withdrawn, or if the Confirmation Date does not occur, or if the Effective Date does not occur within ninety days of entry of the Confirmation Order, the Plan shall have no force and effect and in such event nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor or the Estate or any other Person or Entity, or to prejudice in any other manner the rights of the Debtor or any other entity in further proceedings involving the Debtor and specifically shall not modify or affect the rights of any party under any prior orders of the Court.

16.20 **Default**. Except as otherwise provided in the Plan or in the Confirmation Order, in the event the Debtor or Reorganized Debtor shall default in the performance of any of their obligations under the Plan or under any of the Plan Documents and shall not have cured such a default within any cure period (or, if no cure period is specified in the Plan or Plan Documents or in any instrument issued to or retained by a Claimant under the Plan under which such default occurred, then within 30 days after receipt of written notice of default), then the entity to whom the performance is due may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim.

16.21 **Payment of United States Trustee Fees**. All fees payable pursuant to 28 U.S.C. § 1930 shall be paid on the Effective Date. All quarterly fees due to the United States Trustee pursuant to 28 USC § 1930(a), including fees due for any partial quarter, accruing after the Effective Date shall be paid by the Reorganized Debtors as and when they become due and will be based on the Reorganized Debtors' total disbursements, including ordinary course of business disbursements (if any) as well as disbursements made to Claimants under this Plan. Such fee

obligations will not terminate until this Case is converted or dismissed, or until this Case is no longer pending upon entry of a Final Order closing this Case, whichever first occurs, and all United States Trustee fees, including any such fees accrued in any partial quarter, shall be paid as a condition precedent prior to entry of an order closing the case. After the Effective Date, the Reorganized Debtors shall file with the Court a post-confirmation monthly financial report for each month, or portion thereof, that the case is open or during any period of time that the case is reopened. The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the Plan. All United States Trustee fees, including any such fees accrued in any partial quarter, shall also be paid before the response deadline as a condition precedent prior to entry of a Final Decree.

16.22 ***De Minimis* Distributions.** No distribution of less than $20.00 shall be required to be made to any holder of an Allowed Claim or Allowed Interest and all such funds shall revert to the Reorganized Debtor.

16.23 **Governing Law**. Except to the extent that federal law (including the Code or Bankruptcy Rules) is otherwise controlling, the rights and obligations arising under the Plan or under the Plan Documents shall be governed by and construed and enforced in accordance with the laws of the state of Oregon without giving effect to the principles of conflicts of laws thereof.

16.24 **Reservation of Rights**. If the Plan is not confirmed by a Final Order, or if the Plan is confirmed and the Effective Date does not occur within 90 days of entry of the Confirmation Order, the rights of all parties in interest in the Case are and will be reserved in full. Any concessions or settlements reflected herein, if any, are made for purposes of the Plan only, and if the Plan does not become effective, no party in interest in the Case shall be bound or deemed prejudiced by any such concession or settlement.

16.25 **Plan Controls**. To the extent any provision of the Plan Documents is inconsistent with this Plan, the provisions of the Plan shall control.

16.26 **Successors and Assigns.** On and after the Confirmation Date, the provisions of the Plan and the Confirmation Order shall bind each holder of a Claim or Interest, and each of their respective successors, heirs, legal representatives, and assigns, whether or not the Claim or Interest holder is impaired under the Plan and whether or not such holder has filed a proof of claim with the Bankruptcy Court or has accepted the Plan.

16.27 **Exhibits**. All exhibits to this Plan are incorporated into and are a part of this Plan as if set forth in full herein.

16.28 **Recordable Order.** The Confirmation Order shall be deemed to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

Dated this 20th day of May, 2020

4 HIM FOOD GROUP, LLC

By: /s/ John Strasheim
John Strasheim, CEO

Approved as to form:

LEONARD LAW GROUP LLC

By: /s/ Timothy A. Solomon
Justin D. Leonard, OSB 033736
Timothy A. Solomon, OSB No. 072573
Attorneys for Debtor in Possession

## EXHIBIT A

## GLOSSARY OF DEFINITIONS

1. **"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in section 503(b) of the Code and referred to in section 507(a)(2) of the Code including the actual, necessary costs and expenses of preserving the Debtor's estate and operating the Debtor's business, including current obligations, compensation for professional services and reimbursement of expenses awarded under sections 330(a) or 331 of the Code, and all fees and charges assessed against the Debtor's estate under Chapter 123 of Title 28, United States Code.

2. **"Administrative Claimant"** means a Person or Entity asserting an Administrative Claim.

3. **"Allowance Date"** means, with respect to a Claim, the date such Claim becomes Allowed.

4. **"Allowed"** means, with respect to a Claim, the extent to which: (a) the Claim is agreed to by the Claimant and the Debtor against whom the Claim is asserted; (b) the Claim is expressly allowed in this Plan; or (c) proof of such Claim was (i) timely filed with the Court, (ii) deemed filed pursuant to section 1111(a) of the Code, or (iii) tardily filed with leave of the Court, and, in any case, as to which the Claim is not Disputed or the Claim is Disputed and is allowed by a Final Order.

5. **"Avoidance Actions"** means actions or potential actions under sections 544 through 550 of the Code inclusive, regardless of whether or not such actions are actually filed.

6. **"Ballot"** means the ballot that is used by a Creditor to accept or reject the Plan.

7. **"Bankruptcy Rules"** means the Rules and Forms of Practice and Procedures in Bankruptcy promulgated under 28 U.S.C. § 2075, as amended, and the local rules and general orders of the Court, as to Chapter 11 cases, together with all amendments and modifications from time to time thereto.

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

**8.** **"Business Day"** means any day other than Saturday, Sunday, or a "legal holiday," as that term is defined in Bankruptcy Rule 9006(a).

**9.** **"Case"** means the case identified in the caption above commenced under Chapter 11 of the Code on July 2, 2019.

**10.** **"Cash"** means check or wire transfer.

**11.** **"Claim"** means any claim, as that term is defined in section 101(5) of the Code, arising on or before the Confirmation Date.

**12.** **"Claimant"** means a Creditor that asserts a Claim.

**13.** **"Code"** means the Bankruptcy Reform Act of 1978, principally codified in 11 U.S.C. § 101, *et seq.*, and any amendments thereto.

**14.** **"Confirmation Date"** means the date of the entry of the Confirmation Order.

**15.** **"Confirmation Order"** means the order confirming this Plan.

**16.** **"Cosmos Membership Interests"** means membership interests (totaling 100% of such interests) in Cosmos Holdings, LLC, an Oregon Limited Liability Company that is an affiliate of the Debtor and that holds a 20% profit participation interest in Juanita's Snacks, LLC.

**17.** **"Court"** means the United States Bankruptcy Court for the District of Oregon or any other United States Court having jurisdiction over the Case or matters arising therein as may be applicable.

**18.** **"Creditor"** means any creditor, as that term is defined in section 101(10) of the Code.

**19.** **"Debtor"** means 4 Him Food Group, LLC, dba Cosmos Creations.

**20.** **"Debtor Actions"** means any and all claims, causes of action, and enforceable rights of the Debtor against any parties including, without limitation, Claims of the Debtor for recovery of, or based upon, or in any manner arising from or related to damages, general or exemplary (or both), or other relief relating to (or based upon) (a) indebtedness owing to the Debtor; (b) fraud, negligence, gross negligence, willful misconduct, or any other tort actions; (c)

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

breach or breaches of contract; (d) violations of federal or state laws (including corporate and securities laws); (e) breach or breaches of fiduciary or agency duties; (f) disregard of the corporate form or piercing the corporate veil or other liability theories; (g) filing proofs of claim and complaints under sections 523 and 727 of the Code, or otherwise, against any Entity that may by liable to the Debtor or the Debtor under any theory under law, equity, or otherwise, (h) rights of offset, setoff, and recoupment, and (i) any other Claim of the Debtor.

**21.** **"Disallowed"** means, with respect to any Claim, the extent to which the Claim has been disallowed pursuant to (a) a Final Order, (b) an agreement between the Claimant and the Debtor or the Debtor, or (c) the terms of the Plan.

**22.** **"Disclosure Statement"** means the Disclosure Statement regarding this Plan, including all exhibits and schedules attached thereto and referenced therein prepared by the Debtor pursuant to section 1125 of the Code and approved by the Court, as such Disclosure Statement may be amended and modified from time to time.

**23.** **"Disputed"** means, with respect to a Claim, that an objection to such Claim has been timely filed as provided in this Plan, or such Claim is listed as disputed in the Debtor's schedules filed with the Court, and such objection or dispute has not been resolved by Final Order, or by agreement between the Claimant and the Debtor or Debtor.

**24.** **"Effective Date"** means the first Business Day on which all conditions to effectiveness specified in the Plan have been satisfied or waived.

**25.** **"Estate"** means the bankruptcy estate of the Debtor as created under section 541 of the Code.

**26.** **"Estimated Amount"** means the amount at which the Court, pursuant to 28 USC § 157(b)(2)(B), section 502(c) of the Code, or Bankruptcy Rule 3018(a), as the case may be, estimates any Claim or class of Claims that is Contingent, unliquidated, or disputed, for the purpose of (a) allowance, (b) distribution, (c) confirming this Plan pursuant to section 1129 of the

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

Code, (d) voting to accept or reject this Plan pursuant to section 1126 of the Code, or (e) for any other purpose.

27. **"Final Order"** means an order, judgment, ruling, or decree of the Court as to which (a) any appeal that has been taken has been finally determined or dismissed and the time to take any further appeal, or to seek certiorari, further reargument or rehearing, has expired or been waived in writing, or (b) the time to take an appeal has expired and no appeal has been timely filed.

28. **"Insider"** means any entity defined in section 101(31) of the Code.

29. **"Non-Tax Priority Claim"** means any Claim which, if Allowed, would be entitled to priority under section 507(a)(1) through (7) of the Code.

30. **"Petition Date"** means July 2, 2019.

31. **"Plan"** means this Plan of Reorganization and any and all modifications and/or amendments thereto.

32. **"Plan Documents"** means all agreements, documents, and exhibits as the same may be amended, modified, supplemented, or restated from time to time, that are necessary or appropriate to implement, authorize, consummate, and operate the Plan.

33. **"Priority Tax Claim"** means any Claim that, if Allowed, would be entitled to a priority in payment under section 507(a)(8) of the Code.

34. **"Reorganized Debtor"** means the Debtor on and after the Effective Date.

35. **"Secured Claim"** means any Claim, including interest, fees, and charges as determined pursuant to section 506(b) of the Code, against a Debtor that is (a) secured in whole or in part as of the Petition Date by a lien on any of the assets or property of such Debtor, which lien is valid, perfected, and enforceable under applicable law and is not subject to avoidance under the Code or non-bankruptcy law, but only to the extent of the value of the assets or property securing any such Claim; or (b) subject to setoff under section 553 of the Code, but only to the extent of the amount subject to such setoff.

**36. "Temporarily Allowed"** means temporarily Allowed for any purpose other than distribution on a Claim, pursuant to Bankruptcy Rule 3018(a) or otherwise.

**37. "Unresolved"** means, with respect to a Claim, a Disputed Claim that has not been Allowed or Disallowed for distribution purposes.

**38. "Unsecured Lender Claims"** means any claims for money loaned to the Debtor pursuant to promissory notes. A schedule of the holders of Unsecured Lender Claims is attached as **Exhibit B** to the Disclosure Statement.

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
www.leonard-law.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| In re<br><br>**4 Him Food Group, LLC,**<br><br>Debtor. | Case No. 19-62049-tmr11<br><br>BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION DATED MAY 20, 2020 |
|---|---|

**BALLOT**

4 Him Food Group, LLC, the Debtor in the above-referenced bankruptcy case (the "**Debtor**"), is soliciting votes on the its First Amended Plan of Liquidation dated May 20, 2020 (the "**Plan**").

If you hold an allowed Claim in more than one Class that is entitled to vote on the Plan, you must complete and return a separate Ballot for each Class in which you hold a Claim. You should carefully review the Plan and the accompanying Disclosure Statement regarding the Plan before completing this Ballot. You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**This Ballot does not constitute a proof of claim and may not be used to file a claim or to increase any amount listed in the Debtor's Schedules. For your vote to count, this Ballot, containing an original signature, must be completed and received by no later than 5:00 p.m. Pacific Time on Thursday, June 25, 2020.**

1. The Undersigned (fill out only **one** option):

   a. Is a member of Class 2 (a trade creditor of the Debtor) and has a Claim in the amount of $____________.

   b. Is a member of Class 3 (loaned money to the Debtor) and has a Claim in the amount of $____________.

2. The Undersigned (fill out only **one** option):

   ______ Accepts the Plan          ______ Rejects the Plan

3. The Undersigned (**optional**, fill out one option only if applicable):

   ______ Is a member of Class 2 and elects to be treated as a member of Class 3 for distribution purposes (i.e. to receive membership interests in Cosmos Holdings, LLC in lieu of cash)

   ______ Is a member of Class 3 and elects to be treated as a member of Class 2 for distribution purposes (i.e. to receive cash in lieu of membership interests in Cosmos Holdings, LLC)

Dated May 20, 2020.

______________________________________
Print or Type Name and Title (if applicable)

______________________________________
Signature

______________________________________
Name and Address of Creditor

**PLEASE RETURN THIS BALLOT TO:**
Timothy A. Solomon, counsel to Debtor
c/o Leonard Law Group, LLC
1 SW Columbia, Suite 1010
Portland, OR 97204
Telephone: (971) 634-0190

**For your vote to count, this Ballot, containing an original signature, must be received on or before 5:00 p.m. Pacific Time on June 25, 2020**